UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| AMBER COLVILLE et al | PLAINTIFFS |
| VERSUS | CIVIL ACTION NO. 1:22-CV-113-HSO-RPM |
| XAVIER BECERRA et al | DEFENDANTS |

### ORDER DENYING MOTION TO EXCUSE PLAINTIFFS FROM LOCAL RULE 83.1(d)(3)

Before the Court is a motion requesting that the States of Alabama, Arizona, Kentucky, Missouri, and Montana (States) be excused from the Local Rule requiring that their non-resident attorneys associate with a resident attorney before appearing *pro hac vice*. Doc. [13]. The motion is unopposed. On July 25, 2022, the Court conducted a telephonic hearing on the motion. Plaintiffs Amber Colville and Ralph Alvarado are represented by a Mississippi-licensed attorney (Jennifer Moran Young) as well as properly admitted *pro hac vice* counsel (Cameron Norris). The State of Mississippi is represented by attorneys from the Mississippi Attorney General's Office. The State of Louisiana is also represented by a Mississippi-licensed attorney from the Office of the Attorney General of Louisiana. Doc. [14]. Plaintiffs contend that Mr. Norris, who has been admitted PHV only as to Plaintiffs Colville and Alvarado, "will be appearing, litigating, and speaking on behalf of all Plaintiffs, individual and state." Doc. [13] at 2. Nevertheless, Mr. Cameron indicated at the hearing that he does not represent the States. The States also indicate in their pleading that *pro hac vice* motions will be forthcoming; however, no such motions have been filed to date.

Local Rule 83.1(d)(3) provides a non-resident attorney applying for *pro hac vice* admission must associate with a Mississippi-licensed attorney. The rule makes no exception for

States or state governmental entities.  The Court is aware of other instances where non-resident state attorney general's offices have associated an attorney from the forum state's attorney general's office when applying to proceed *pro hac vice*.  See *Drake v. U.S. Freedom Capital, LLC*, No. 1:20-cv-03935-SDG, 2021 WL 3566859, at *3 (N.D.Ga. Aug.12, 2021); *State of Louisiana v. Becerra*, 3:21-cv-3970-TAD-KDM (W.D.La.); *Winters v. Office of the President Iowa State Univ.*, No. 90C3166, 1990 WL 103241, at *1 (N.D.Ill. July 17, 1990); *see also United States v. Sinha*, No. 1:14cr9-HSO-JMR, 2014 WL 4988395, at *1 (S.D.Miss. Oct.7, 2014) (denying Senior Assistant Attorney General for the State of Georgia's request to waive local counsel requirement).  The States have offered no compelling reason to waive the Local Rule requiring them to associate local counsel.  Accordingly, their motion should be denied.

    IT IS THEREFORE ORDERED AND ADJUDGED that Motion [13] is DENIED; the States shall have 30 days to file *pro hac vice* motions that conform with the Local Rules.

    SO ORDERED AND ADJUDGED, this the 5th day of August 2022.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE