**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | |
|---|---|
| STATE OF MISSISSIPPI; STATE OF ALABAMA; STATE OF ARKANSAS; COMMONWEALTH OF KENTUCKY; STATE OF LOUISIANA; STATE OF MISSOURI; and STATE OF MONTANA,<br>     *Plaintiffs*,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services; THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; CHIQUITA BROOKS-LASURE, in her official capacity as Administrator of the Centers for Medicare and Medicaid Services; THE CENTERS FOR MEDICARE AND MEDICAID SERVICES; THE UNITED STATES OF AMERICA,<br>     *Defendants*. | No. 1:22-cv-113-HSO-RPM |

**[PROPOSED] ANSWER IN INTERVENTION
TO PLAINTIFFS' FIRST AMENEDED COMPLAINT**

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant-Intervenor Mississippi State Conference NAACP, Alabama State Conference NAACP, Arizona State Conference NAACP, Arkansas State Conference NAACP, Kentucky State Conference NAACP, Louisiana State Conference NAACP, Missouri State Conference NAACP, Colorado-Montana-Wyoming ("Rocky Mountain") State Conference NAACP ("Intervenors") hereby submit their Answer to the First Amended Complaint filed by Plaintiffs State of Mississippi, State of Alabama, State of Arkansas, Commonwealth of Kentucky, State of Louisiana, State of Missouri, and State of Montana. Intervenors deny Plaintiffs' claimed entitlement to a declaratory judgment, vacatur, and an injunction. Indeed, Plaintiffs complaint repeatedly mischaracterizes the regulation at issue in this case, which seeks to ensure adequate health care to all Medicare recipients, including groups historically denied that health care and who have suffered documented and undisputed worse health outcomes, including death as a result. And they do this without factual support for their allegations, all in an attempt to ensure these adverse health outcomes are not addressed, to the detriment of the citizens of the states that they purport to represent. Moreover, each numbered response in this Answer is made subject to the following limitations as if fully set forth therein.

*First*, to the extent that the Complaint attempts to characterize certain alleged facts (e.g., describing conduct as "dangerous" or suggesting any motive for conduct), Intervenors respond generally that such allegations constitute mere pejoratives or conclusions of law and do not constitute allegations of fact requiring a response. But to the extent such allegations may be construed as allegations of fact, Intervenors object to and deny each and every such allegation, and incorporate by reference this response in each paragraph below as if fully set forth therein.

1

*Second*, to the extent that the Complaint attempts to characterize documents, Intervenors respond generally that such documents speak for themselves, and on that basis Intervenors object to and deny each and every such allegation, and incorporates by reference this response in each paragraph below as if fully set forth therein.

*Third*, Intervenors submit that no response is required to the headings or subheadings used throughout the Complaint, which consist of general and unsupported assertions, and to the extent that a response is required, Intervenors deny any allegations in such headings or subheadings. Intervenors have included headings in this Answer for organization purposes only. To the extent that Intervenors have repeated headings used in the Complaint, Intervenors specifically deny any allegations contained in those headings.

*Fourth*, where Intervenors state that they lack knowledge or information sufficient to form a belief about the truth of certain allegations, Intervenors reserve the right to argue that the allegation is true or false based on the evidence.

In response to the numbered paragraphs in the Complaint, Intervenors further respond as follows:

## ANSWER TO "INTRODUCTION"

1. Paragraph 1 does not contain allegations that require a response from Intervenors. To the extent paragraph 1 contains such allegations, Intervenors deny them.

2. Paragraph 2 does not contain allegations that require a response from Intervenors. To the extent paragraph 2 contains such allegations, Intervenors deny them.

3. Paragraph 3 does not contain allegations that require a response from Intervenors. To the extent paragraph 3 contains such allegations, Intervenors deny them.

4. Paragraph 4 refers to documents that speak for themselves and does not require a response from Intervenors. To the extent paragraph 4 contains allegations that require a response, Intervenors deny them.

5. Paragraph 5 consists of legal conclusions that do not require a response. To the extent paragraph 5 contains additional allegations requiring a response, Intervenors deny them.

6. Intervenors deny that the "Anti-Racism Rule" is "bad medicine," "takes time away from caring for patients," "encourages doctors to see patients not as individuals but as subcomponents of racial groups," and "encourages doctors to elevate faddish theories about race above patient care." The remainder of paragraph 6 consists of legal conclusions that do not require a response. To the extent paragraph 6 contains additional allegations requiring a response, Intervenors deny them, and specifically deny that the Centers for Medicare and Medicaid Services has exceeded its statutory authority

## ANSWER TO "PARTIES"

7. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, and, on that basis, Intervenors deny them.

8. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, and, on that basis, Intervenors deny them.

9. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, and, on that basis, Intervenors deny them.

10. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, and, on that basis, Intervenors deny them.

11. Intervenors admit the allegation in paragraph 11.

12. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 regarding the state plaintiffs' laws, and, on that basis, Intervenors deny them. The remainder of paragraph 12 consists of legal conclusions that do not require a response. To the extent paragraph 12 contains additional allegations requiring a response, Intervenors deny them.

13. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 regarding the state plaintiffs' interests, and, on that basis, Intervenors deny them. The remainder of paragraph 13 consists of legal conclusions that do not require a response. To the extent paragraph 13 contains additional allegations requiring a response, Intervenors deny them.

14. Intervenors admit that Xavier Becerra is Secretary of the Department of Health and Human Services.

15. Intervenors admit the allegations in paragraph 15.

16. Intervenors admit the allegation in paragraph 16.

17. Intervenors admit the allegations in paragraph 17.

18. Intervenors admit the allegation in paragraph 18.

## ANSWER TO "JURISDICTION AND VENUE"

19. Paragraph 19 consists of legal conclusions that do not require a response. To the extent paragraph 19 contains additional allegations requiring a response, Intervenors deny them.

20. Paragraph 20 consists of legal conclusions that do not require a response. To the extent paragraph 20 contains additional allegations requiring a response, Intervenors deny them.

21. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 regarding Dr. Colville's residence, and, on that basis,

Intervenors deny them. The remainder of paragraph 21 consists of legal conclusions that do not require a response. To the extent paragraph 21 contains additional allegations requiring a response, Intervenors deny them.

## ANSWER TO "BACKGROUND"

22. Paragraph 22 consists of legal conclusions that do not require a response. To the extent paragraph 22 contains additional allegations requiring a response, Intervenors deny them.

23. Paragraph 23 consists of legal conclusions that do not require a response. To the extent paragraph 23 contains additional allegations requiring a response, Intervenors deny them.

24. Paragraph 24 consists of legal conclusions that do not require a response. To the extent paragraph 24 contains additional allegations requiring a response, Intervenors deny them.

25. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25, and, on that basis, Intervenors deny them. The remainder of paragraph 25 consists of legal conclusions that do not require a response or refer to documents that speak for themselves. To the extent paragraph 25 contains additional allegations requiring a response, Intervenors deny them.

26. Intervenors admit that the quotes set forth in Paragraph 26 are accurate quotes of the cited statute and regulations. Intervenors otherwise deny Plaintiffs' characterization of the statute and regulations, which speak for themselves. To the extent paragraph 26 contains additional allegations requiring a response, Intervenors deny them.

27. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27, and, on that basis, Intervenors deny them. The remainder of paragraph 27 consists of legal conclusions that do not require a response. To the extent paragraph 27 contains additional allegations requiring a response, Intervenors deny them.

28. Intervenors admit that the quotes set forth in Paragraph 28 are accurate quotes of the cited statute. Intervenors otherwise deny Plaintiffs' characterization of the statute and regulations, which speak for themselves. To the extent paragraph 28 contains additional allegations requiring a response, Intervenors deny them.

29. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29, and, on that basis, Intervenors deny them.

30. Intervenors admit that the quotes set forth in Paragraph 30 are accurate quotes of the cited statute. Intervenors otherwise deny Plaintiffs' characterization of the statute, which speaks for itself. To the extent paragraph 30 contains additional allegations requiring a response, Intervenors deny them.

31. Intervenors admit that the quotes set forth in Paragraph 31 are accurate quotes of the cited statute. Intervenors otherwise deny Plaintiffs' characterization of the statute, which speaks for itself. To the extent paragraph 31 contains additional allegations requiring a response, Intervenors deny them.

32. Paragraph 32 consists of legal conclusions that do not require a response. To the extent paragraph 32 contains additional allegations requiring a response, Intervenors deny them.

33. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33, and, on that basis, Intervenors deny them. The remainder of paragraph 33 consists of legal conclusions that do not require a response. To the extent paragraph 33 contains additional allegations requiring a response, Intervenors deny them.

34. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34, and, on that basis, Intervenors deny them.

35. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35, and, on that basis, Intervenors deny them.

36. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36, and, on that basis, Intervenors deny them.

37. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37, and, on that basis, Intervenors deny them.

38. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 regarding "death knell[s]," and, on that basis, Intervenors deny them. The remainder of paragraph 38 consists of legal conclusions that do not require a response. To the extent paragraph 38 contains additional allegations requiring a response, Intervenors deny them.

39. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 regarding bonuses, and, on that basis, Intervenors deny them. The remainder of paragraph 39 consists of legal conclusions that do not require a response. To the extent paragraph 39 contains additional allegations requiring a response, Intervenors deny them.

40. Intervenors admit that the quote set forth in Paragraph 40 is an accurate quote of the cited regulation. Intervenors otherwise deny Plaintiffs' characterization of the regulation, which speaks for itself. To the extent paragraph 40 contains additional allegations requiring a response, Intervenors deny them.

41. Intervenors admit that the quote set forth in Paragraph 41 is an accurate quote of the cited regulation. Intervenors otherwise deny Plaintiffs' characterization of the regulation, which

speaks for itself. To the extent paragraph 41 contains additional allegations requiring a response, Intervenors deny them.

42. Intervenors admit that the quote set forth in Paragraph 42 is an accurate quote of the cited regulation. Intervenors otherwise deny Plaintiffs' characterization of the regulation, which speaks for itself. To the extent paragraph 42 contains additional allegations requiring a response, Intervenors deny them.

43. Intervenors admit that the quotes set forth in Paragraph 43 are accurate quotes of the cited executive order. Intervenors otherwise deny Plaintiffs' characterization of the executive order, which speaks for itself. To the extent paragraph 43 contains additional allegations requiring a response, Intervenors deny them.

44. Intervenors admit that the quotes set forth in Paragraph 44 are accurate quotes of the cited regulation. Intervenors otherwise deny Plaintiffs' characterization of the regulation, which speaks for itself. To the extent paragraph 44 contains additional allegations requiring a response, Intervenors deny them.

45. Intervenors admit that the quotes set forth in Paragraph 45 are accurate quotes of the cited regulation. Intervenors otherwise deny Plaintiffs' characterization of the regulation, which speaks for itself. To the extent paragraph 45 contains additional allegations requiring a response, Intervenors deny them.

46. Intervenors admit that the quotes set forth in Paragraph 46 are accurate quotes of the cited regulation. Intervenors otherwise deny Plaintiffs' characterization of the regulation, which speaks for itself. To the extent paragraph 46 contains additional allegations requiring a response, Intervenors deny them.

47. Intervenors admit that the quotes set forth in Paragraph 47 are accurate quotes of the cited regulation. Intervenors otherwise deny Plaintiffs' characterization of the regulation, which speaks for itself. The remainder of paragraph 47 consists of legal conclusions that do not require a response. To the extent paragraph 47 contains additional allegations requiring a response, Intervenors deny them.

48. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48, including but not limited to the anonymous congressional staffer, and, on that basis, Intervenors deny them. To the extent paragraph 48 contains additional allegations requiring a response, Intervenors deny them.

49. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49, and, on that basis, Intervenors deny them. To the extent paragraph 49 contains additional allegations requiring a response, Intervenors deny them.

50. Intervenors admit the allegations in paragraph 50.

51. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51, and, on that basis, Intervenors deny them. To the extent paragraph 51 contains additional allegations requiring a response, Intervenors deny them.

52. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52, and, on that basis, Intervenors deny them. To the extent paragraph 52 contains additional allegations requiring a response, Intervenors deny them.

53. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53, and, on that basis, Intervenors deny them. To the extent paragraph 53 contains additional allegations requiring a response, Intervenors deny them.

54. Intervenors admit that the quotes set forth in Paragraph 54 are accurate quotes of the cited regulation. Intervenors otherwise deny Plaintiffs' characterization of the regulation, which speaks for itself. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the other factual allegations in paragraph 54, and, on that basis, Intervenors deny them. The remainder of paragraph 54 consists of legal conclusions that do not require a response. To the extent paragraph 54 contains additional allegations requiring a response, Intervenors deny them.

55. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the other factual allegations in paragraph 55, and, on that basis, Intervenors deny them.

56. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the other factual allegations in paragraph 56, and, on that basis, Intervenors deny them.

## ANSWER TO "COUNT"

57. Intervenors incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

58. Intervenors admit that the Administrative Procedure Act provides, in part, that a "reviewing court shall ... hold unlawful and set aside agency action ... found to be ... not in accordance with law" or "in excess of statutory jurisdiction, authority, or limitations." To the extent that paragraph 54 contains any legal conclusions or further allegations that require responses, Intervenors deny them.

59. Paragraph 59 consists of legal conclusions that do not require a response. To the extent paragraph 59 contains additional allegations requiring a response, Intervenors deny them.

60. Paragraph 60 consists of legal conclusions that do not require a response. To the extent paragraph 60 contains additional allegations requiring a response, Intervenors deny them.

61. Paragraph 61 consists of legal conclusions that do not require a response. To the extent paragraph 61 contains additional allegations requiring a response, Intervenors deny them.

62. Paragraph 62 consists of legal conclusions that do not require a response. To the extent paragraph 62 contains additional allegations requiring a response, Intervenors deny them.

63. Paragraph 63 consists of legal conclusions that do not require a response. To the extent paragraph 63 contains additional allegations requiring a response, Intervenors deny them.

64. Paragraph 64 consists of legal conclusions that do not require a response. To the extent paragraph 64 contains additional allegations requiring a response, Intervenors deny them.

65. Paragraph 65 consists of legal conclusions that do not require a response. To the extent paragraph 65 contains additional allegations requiring a response, Intervenors deny them.

## ANSWER TO "PRAYER FOR RELIEF"

Intervenors deny every allegation, averment, statement, and conclusion of law in the Complaint that Intervenors have not expressly admitted herein. Further, Intervenors deny that Plaintiffs are entitled to any relief whatsoever in this action, including as set forth in Plaintiffs' "Prayer for Relief" section of its Complaint, including all four paragraphs of the "Prayer for Relief."

## AFFIRMATIVE, ALTERNATIVE, AND OTHER DEFENSES

Intervenors incorporate the preceding paragraphs as if fully set forth herein. By stating any defense hereinafter, Intervenors do not purport to assume the burden of proof for any issue as to which applicable law places the burden upon Plaintiffs. Intervenors hereby give notice that they intend to rely upon any other and additional defenses that are now or may become available during or as a result of the discovery proceedings in this action, and hereby reserve the right to amend this Answer to assert such defenses.

1. Plaintiffs' claim fails to state a claim on which relief can be granted.

2. Plaintiffs' claim fails as they have not suffered any actual injury or damage.

3. Plaintiffs' claim fails because Plaintiffs lack standing under Article III of the United States Constitution.

4. Plaintiffs' claim is barred, in whole or in part, by the doctrine of sovereign immunity.

5. Plaintiffs' claim is barred, in whole or in part, by the doctrine of qualified immunity.

6. Certain injuries allegedly sustained by Plaintiffs are unripe.

7. Certain injuries allegedly sustained by Plaintiffs are moot.

8. Plaintiffs' claim is barred in whole or in part by the doctrine of estoppel.

9. Plaintiffs' claim is barred, in whole or in part, by the doctrine of waiver.

10. Plaintiffs' claim is barred, in whole or in part, due to failure to establish satisfaction of necessary conditions precedent.

11. The damages allegedly sustained by Plaintiffs, if any, were the result of intervening or superseding acts or omissions of persons other than Intervenors and their officers, employees, and/or agents.

12. Plaintiffs' claim fails because Defendants at all times acted in good faith and in compliance with applicable state laws and regulations.

13. Plaintiffs are not entitled to any relief because Defendants have not engaged in any conduct that is a violation of any law or regulation.

14. Intervenors affirmatively plead that they are not liable to Plaintiffs for attorneys' fees or costs in this action.

**PRAYER FOR RELIEF**

Having answered Plaintiff's Complaint, Intervenors pray that the Court:

1. Enter judgment in Defendants' favor on all of Plaintiffs' claims and dismiss all claims with prejudice, awarding costs, attorneys' fees and expenses to Defendants,

2. Grant Defendants such other relief as the Court deems just and proper.

May 11, 2023                                               Respectfully submitted,

Jon Greenbaum*  
Kathryn Youker*  
Emily Chong*  
Lawyers' Committee for Civil Rights Under Law  
1500 K Street, NW, Suite 900  
Washington, DC 20005  
Telephone: (202) 662-8355  
kyouker@lawyerscommittee.org  

*/s/ Robert B. McDuff*  
Robert B. McDuff (MS Bar #2532)  
Mississippi Center for Justice  
210 E Capitol Street, Suite 1800  
Jackson, MS 39201  
Telephone: (601) 259-8484  
rmcduff@mscenterforjustice.org  

Jo-Ann Tamila Sagar*  
Stanley J. Brown*  
Johannah Walker*  
HOGAN LOVELLS US LLP  
555 Thirteenth Street, NW  
Washington, DC 20004  
Telephone: (202) 637-5600  
Facsimile: (202) 637-5910  
jo-ann.sagar@hoganlovells.com  

*Counsel for Intervenors*

*\* Pro Hac Vice Application Forthcoming*

## **CERTIFICATE OF SERVICE**

I certify that on May 11, 2023, the foregoing document was filed on the Court's CM/ECF system which sent notification of such filing to all counsel of record.

*/s/ Robert B. McDuff*