IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| STATE OF MISSISSIPPI, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services, *et al.*,<br><br>    Defendants. | Civil Action No. 1:22-cv-00113-HSO-RPM |

## **DEFENDANTS' OPPOSITION TO MOTION TO INTERVENE**

### **INTRODUCTION**

Plaintiffs, at present consisting of seven states, challenge a rule promulgated by the Centers for Medicare & Medicaid Services ("CMS") implementing part of the Merit-based Incentive Payment System ("MIPS") for physician payments under Medicare Part B. The part of the rule at issue sets forth an optional new "clinical practice improvement activity," called "create and implement an anti-racism plan," which physicians and other eligible professionals may select, among 105 other such activities, to qualify for payment enhancement under MIPS. *See* Medicare Program; CY 2022 Payment Policies Under the Physician Fee Schedule and Other Changes, 86 Fed. Reg. 64,996, 65,969 (Nov. 19, 2021). Plaintiffs challenge this activity on the ground that it is *ultra vires* because it does not satisfy the statutory definition of a "clinical practice improvement activity" set forth in the MIPS statute. Am. Compl. ¶¶ 5, 58-65 (ECF No. 28); *see* 42 U.S.C. § 1395w-4(q)(2)(C)(v)(III).

The NAACP State Conferences from the seven plaintiff states and Arizona (which has been voluntarily dismissed from the lawsuit), along with the Greensboro Health Disparities

Collaborative (collectively, "Proposed Intervenors"), now seek to intervene to defend the new activity. However, the Proposed Intervenors have not established their entitlement to either mandatory or permissive intervention because they have not shown that the defendants, federal agencies and officials (collectively, "Federal Defendants"),[1] and their counsel, the United States Department of Justice, would not adequately defend the new activity and thus represent their interests. The Motion to Intervene should therefore be denied.

## BACKGROUND

The background is set forth in detail in the Court's Memorandum Opinion and Order of March 28, 2023 (ECF No. 52). In brief, effective for the 2022 plan year and after, Federal Defendants promulgated a rule creating a new clinical practice improvement activity for eligible health care professionals titled "Create and Implement an Anti-Racism Plan." *See* Medicare Program, CY 2022 Payment Policies Under the Physician Fee Schedule and Other Changes, 86 Fed. Reg. 64,996, 65,384, 65,969-70 (Nov. 19, 2021). Clinical practice improvement activities are one of four categories used by CMS to calculate an eligible health care professional's score under MIPS, which determines whether a professional will receive a positive, negative, or neutral adjustment to the Medicare payments she receives for treating Medicare patients. 42 U.S.C. § 1395w-4(q)(2)(A), (6)(A). In this suit, the States of Mississippi, Alabama, Arkansas, Louisiana, Missouri, and Montana, and the Commonwealth of Kentucky (collectively "State Plaintiffs") assert that CMS lacked the statutory authority to promulgate the activity to create and implement an anti-racism plan, such that it is *ultra vires*. Am. Compl. ¶¶ 5, 58-65.

---

[1] Proposed Intervenors refer to the Federal Defendants as the "Agency Defendants."

The Proposed Intervenors seek to intervene as defendants under either Federal Rule of Civil Procedure 24(a)(2) or 24(b)(1). Mem. in Supp. of Proposed Def. Intervenors' Mot. to Intervene, at 1, 18 (ECF No. 62) ("Intervenors' Mem."). Proposed Intervenors include the NAACP state conferences in each of the eight states that originally filed suit in this case: Mississippi, Alabama, Arizona, Arkansas, Missouri, Montana, Kentucky, and Louisiana. *Id.* at 1, 6. Proposed Intervenors assert that "[e]ach state [NAACP] conference has Medicare-eligible members who benefit from a rule that incentivizes Medicare providers to be more attuned to Black and brown patients' specific needs." *Id.* at 6. They further assert that, among other things, "NAACP members from each of the state conferences . . . have experienced discrimination in the health care system themselves." *Id.* at 7. They also state that the "NAACP State Conferences organize programs and activities within their states to counteract the consequences of past and present discrimination against people of color by medical providers" and "work to improve health care access for people of color within their states—members and non-members alike." *Id.* at 6-7. They believe that "rescinding" the activity to create and implement an anti-racism plan "will harm their members and jeopardize their organizational partnerships." *Id.* at 8.

The Greensboro Health Disparities Collaborative is "a group of community leaders, advocates, scholars, clergy, and health care professionals committed to health equity" which "connects the public to resources on health equity, delivers presentations on racial equity, and holds multi-day racial equity workshops." Intervenors' Mem. at 8-9. It asserts that the activity to create and implement an anti-racism plan "will advance the organization's mission to eliminate racial health disparities." *Id.* at 9. As well, the activity will "encourage hospitals and

3

other health care providers to develop and maintain partnerships with health equity groups like the Collaborative," which support "is essential for sustaining the Collaborative's work." *Id*.

## LEGAL STANDARDS

Rule 24 of the Federal Rules of Civil Procedure governs the terms under which a nonparty may intervene. Subsection (a)(2) of the rule provides that a court must permit intervention as of right when the movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Subsection (b)(1)(B) of the rule provides that a court may permit intervention when the movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

## ARGUMENT

The Proposed Intervenors have failed to show that either mandatory or permissive intervention is warranted here.

### I.  MANDATORY INTERVENTION SHOULD BE DENIED

A party seeking to intervene as of right under Rule 24(a)(2) must meet four requirements:

> (1) [t]he application must be timely; (2) the applicant must have an interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; and (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Brumfield v. Dodd*, 749 F.3d 339, 341 (5th Cir. 2014) (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1204-05 (5th Cir. 1994)). Each of the four requirements set forth above must be satisfied

to support a right to intervene. *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015). It is the movant's burden to establish the right to intervene, although "Rule 24 is to be liberally construed." *Brumfield*, 749 F.3d at 341. For the purposes of the present motion only, the Federal Defendants do not dispute that the Proposed Intervenors satisfy the first three requirements. However, the Proposed Intervenors have not established the fourth requirement. Specifically, they have not shown that the existing parties, specifically, the Federal Defendants, will not adequately represent their interests. Accordingly, their motion for intervention as of right must be denied.

"The applicant has the burden of demonstrating inadequate representation." *Sierra Club*, 18 F.3d at 1207. Although this burden is "minimal, 'it cannot be treated as so minimal as to write the requirement completely out of the rule.'" *Edwards v. City of Houston*, 78 F.3d 983, 1005 (5th Cir. 1996) (citation omitted). Moreover, "where the party whose representation is said to be inadequate is a governmental agency, a much stronger showing of inadequacy is required." *Hopwood v. Texas*, 21 F.3d 603, 605 (5th Cir. 1994). This is because, "[i]n a suit involving a matter of sovereign interest, the [government] is presumed to represent the interests of all of its citizens," and therefore adequate representation is presumed. *Id.* This presumption can be overcome only by showing that the intervenor's "interest is in fact different from that of the" governmental party "and that the interest will not be represented by" the existing governmental party. *Texas*, 805 F.3d at 661-62 (quoting *Edwards*, 78 F.3d at 1005).

Here, the Federal Defendants' representation of the interests advanced by the Proposed Intervenors is presumed to be adequate, as a matter of law, because this case involves a matter of "sovereign interest," namely, the federal government's sovereign interest "in vindicating its citizens' constitutional rights" (as it relates to nondiscriminatory health care) and its quasi-

sovereign interest in the health and well-being of its citizens. *See Massachusetts v. Mellon*, 262 U.S. 447, 486 (1923) (in a suit challenging a federal statute designed to protect the health of mothers and infants, holding that the United States represents its citizens as *parens patriae*); *United States v. Texas*, 566 F. Supp. 3d 605, 638 (W.D. Tex. 2021) (holding that federal government has a sovereign interest in vindicating its citizens' constitutional rights); *see also In re Multidistrict Vehicle Air Pollution M.D.L. No. 31*, 481 F.2d 122, 131 (9th Cir. 1973) (holding that the "federal government . . . may in appropriate circumstances sue as *parens patriae* to vindicate interests of [its] citizens").

The Proposed Intervenors have not made a showing sufficient to overcome this presumption of adequate representation because they have not shown that their "interest will not be represented by" the Federal Defendants or even that their "interest is in fact different from that of the" Federal Defendants.

**1.** In asserting first that the Federal Defendants' representation will not be adequate, the Proposed Intervenors refer to Federal Defendants' prior litigation strategy in this case, namely, their filing of two motions to dismiss on jurisdictional grounds. Intervenors' Mem. at 15. The Proposed Intervenors contend that "[a] court can infer from the government's attempt to dismiss a case on procedural grounds that it would 'prefer[] not to resolve the case on the merits'" and assert that the Federal Defendants' apparent "preference for a resolution on procedural grounds is incompatible with Proposed Intervenors' interests, which require an unqualified rejection of the theory underlying Plaintiffs' claims." *Id.*

In general, however, the Proposed Intervenors must do more to justify intervention than show that they would make different strategic decisions during the course of the litigation than the Federal Defendants. "If disagreement with an existing party over trial strategy qualified as

inadequate representation, the requirement of Rule 24 would have no meaning." *Guenther v. BP Ret. Accumulation Plan*, 50 F.4th 536, 544 (5th Cir. 2022) (citation omitted). Thus, intervention is inappropriate when the movant "has vested its claim for intervention entirely upon a disagreement over litigation strategy or legal tactics." *In re Toyota Hybrid Brake Litig.*, No. 4:20-CV-127, 2020 WL 6161495, at *19 (E.D. Tex. Oct. 21, 2020) (quoting *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1306 (9th Cir. 1997)).

But in any event, here the Proposed Intervenors' complaints about the Federal Defendants' litigation strategy are no longer relevant. The Federal Defendants did file two motions to dismiss based on jurisdictional and threshold issues, but those motions have now been resolved. The case is presently scheduled to proceed to briefing on motions for summary judgment. *See* Scheduling Order (May 25, 2023) (ECF No. 73). Although at a recent status conference the Federal Defendants indicated they were considering engaging in some limited jurisdictional discovery to definitely resolve the State Plaintiffs' standing, the Federal Defendants have not suggested that their future briefing or defense of this case will be limited to threshold considerations or that they will seek to avoid the merits. Nor have Proposed Intervenors suggested any arguments as to the merits of the issue before the Court (whether the new activity is *ultra vires*) that they do not believe the Federal Defendants will raise. Accordingly, the Proposed Intervenors have not met their burden to show that the Federal Defendants will not fully defend the new activity against the claim raised in this suit and will not adequately represent their interests. *See Hopwood*, 21 F.3d at 606 (denying intervention in case involving State of Texas where proposed intervenors had not met their burden of demonstrating that "the State will not strongly defend its affirmative action program" or "shown that they have a separate defense of the affirmative action plan that the State has failed to

7

assert"); *United States v. Moore*, 485 F.2d 1165 (5th Cir. 1973) (any error in denying taxpayer's motion to intervene not prejudicial since taxpayer adequately represented by existing party who sought to assert precisely the position taxpayer sought to raise).

Although not asserting they will make different legal arguments, Proposed Intervenors do suggest that they would present "scientific and factual data" supporting the new activity. Intervenors' Mem. at 16. However, to the extent that the Proposed Intervenors wish to explain how the new activity will improve clinical practice or care, or the on-the-ground reality of plaintiff States' anti-discrimination laws, or any of the other considerations they indicate in their brief they may wish to raise, *see id.* at 16-17, they can adequately do that through participation as amici. *See New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 473 (5th Cir. 1984).

Given the current status of this case, *La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 308-09 (5th Cir. 2022), cited by Proposed Intervenors (Intervenors' Mem. at 15), can be distinguished. In that case, the intervention motion was addressed *before* a ruling on the motions to dismiss. Moreover, in that case, unlike here, only some of the defendants moved to dismiss, meaning that if their motions were granted, the case would still continue and everyone apparently agreed that the remaining defendants would then not be able to adequately represent the proposed intervenors' interests. No such problem would have arisen here if the Federal Defendants' motion to dismiss had been granted, as there would have been no remaining defendants and therefore no continuation of the suit. In any event, however, the motions to dismiss have been resolved and the concerns raised in *La Union* are therefore absent here.

**2.** Proposed Intervenors also assert that their interests "diverge" from the Federal Defendants' interests in a variety of ways—because their "interest in preserving the anti-racism

rule"—to reduce racial disparities in health care access and treatment outcomes—"is consistent with, *but distinct from*," the Federal Defendants' interest in improving the health of all Americans; because the Federal Defendants are unlikely to explain how their own inaction played a role in creating the need for the new activity; and because Proposed Intervenors, unlike the Federal Defendants, have an interest in preserving partnerships with hospitals and medical providers. Intervenors' Mem. at 17. But Proposed Intervenors do not explain how these interests are relevant to the particular issue presented by this litigation, in which the Court is asked to review the Federal Defendants' action only for whether it is *ultra vires*. An intervenor can establish an adversity of interest only if "its interests diverge from the putative representative's interests in a manner germane to the case." *Texas*, 805 F.3d at 662. Proposed Intervenors do not explain how their alleged distinct interests are "germane" to the limited issue before the Court here.

**3.** Finally, Proposed Intervenors express a concern that a possible change in administration following the next presidential election may affect Federal Defendants' litigation position. However, any such change in administration would be more than a year and a half away, and the effect of any change in administration on the Federal Defendants' litigation position is entirely speculative at this point. A party "must produce something more than speculation as to the purported inadequacy" to justify intervention. *League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 (5th Cir. 1989) (quoting *Moosehead Sanitary Dist. v. S.G. Phillips Corp.*, 610 F.2d 49, 54 (1st Cir. 1979)).

In short, the Proposed Intervenors have not overcome the presumption that the Federal Defendants will be able to adequately represent their interests in this case.[2] Consequently, the Proposed Intervenors have failed to demonstrate that they are entitled to intervention as a matter of right.

## II. PERMISSIVE INTERVENTION SHOULD BE DENIED AS A MATTER OF DISCRETION.

A court may grant permissive intervention pursuant to Federal Rule of Civil Procedure 24(b)(1)(B) when: "(1) timely application is made by the intervenor, (2) the intervenor's claim or defense and the main action have a question of law or fact in common, and (3) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties." *DeOtte v. Azar*, 332 F.R.D. 173, 178 (N.D. Tex. 2019) (citation omitted). However, "[p]ermissive intervention is 'wholly discretionary' and may be denied even when the requirements of Rule 24(b) are satisfied." *Turner v. Cincinnati Ins. Co.*, 9 F.4th 300, 317 (5th Cir. 2021) (citation omitted).

For the purposes of this motion only, the Federal Defendants do not contest that requirements for permissive intervention are met. However, the Court should deny permissive

---

[2] If the Court concludes that the presumption applicable where the government is a party does not apply here, it must nevertheless apply the Fifth Circuit's alternative presumption of adequate representation because "the would-be intervenor[s] ha[ve] the same ultimate objective as a party to the lawsuit," *Texas*, 805 F.3d at 661 (quoting *Edwards*, 78 F.3d at 1005), namely, a determination that the new activity is not *ultra vires*. This alternative presumption can be overcome only by showing "adversity of interest, collusion, or nonfeasance on the part of the existing party." *Texas*, 805 F.3d at 661-62 (quoting *Edwards*, 78 F.3d at 1005). For the reasons set forth above, the Proposed Intervenors have not shown an "adversity of interest." They also do not allege "collusion" and, to the extent that their allegations of agency non-action (Intervenors' Mem. at 17) are meant to suggest "nonfeasance," they provide no support for the claim of non-action. Therefore, the Proposed Intervenors also cannot overcome this alternative presumption.

intervention as a matter of discretion. "In acting on a request for permissive intervention the district court may consider, among other factors, whether the intervenors' interests are adequately represented by other parties." *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir. 1987). As discussed in the preceding section, the Proposed Intervenors have not established that the Federal Defendants will not represent their interests adequately or shown that their interests cannot be fully served by participation as amici. Thus, addition of Proposed Intervenors as parties in the case will produce few, if any, benefits. On the other hand, it could well have adverse effects. The presence of additional parties will complicate resolution, for example, by multiplying the number of motions that need to be resolved and potentially increasing the amount of discovery requests, if the case proceeds to discovery. For these reasons, permissive intervention should be denied. *See Aransas Project v. Shaw*, 404 F. App'x 937, 942 (5th Cir. 2010) (holding that district court "correctly determined that this litigation would unnecessarily become more complex by permitting the intervention of an international corporation, two municipal utilities, and two agrarian associations").

## **CONCLUSION**

For the foregoing reasons, the Court should deny the Motion to Intervene. The Federal Defendants have no objection to Proposed Intervenors participating in the case as amici.

Dated:  June 8, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

<u>Of Counsel</u>

SAMUEL R. BAGENSTOS
General Counsel

MICHELLE BENNETT
Assistant Director, Federal Programs Branch

JANICE L. HOFFMAN
Associate General Counsel

<u>*/s/ Carol Federighi*</u>
CAROL FEDERIGHI
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Phone: (202) 514-1903
Email: carol.federighi@usdoj.gov

SUSAN MAXSON LYONS
Deputy Associate General Counsel
for Litigation

DEBRA M. LABOSCHIN
Attorney

*United States Department of Health & Human Service*

*Counsel for Defendant*