**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | |
|---|---|
| STATE OF MISSISSIPPI; STATE OF ALABAMA; STATE OF ARKANSAS; COMMONWEALTH OF KENTUCKY; STATE OF LOUISIANA; STATE OF MISSOURI; and STATE OF MONTANA, <br>      *Plaintiffs*, <br><br>v. <br><br>XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services; THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; CHIQUITA BROOKS-LASURE, in her official capacity as Administrator of the Centers for Medicare and Medicaid Services; THE CENTERS FOR MEDICARE AND MEDICAID SERVICES; THE UNITED STATES OF AMERICA, <br>      *Defendants*. | No. 1:22-cv-113-HSO-RPM |

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO PARTICIPATE AS *AMICI CURIAE* IN SUMMARY JUDGMENT HEARING ON BEHALF OF GREENSBORO HEALTH DISPARITIES COLLABORATIVE AND THE NAACP STATE CONFERENCES FOR ALABAMA, ARIZONA, ARKANSAS, KENTUCKY, LOUISANA, MISSOURI, MISSISSIPPI, AND MONTANA**

The Greensboro Health Disparities Collaborative ("the Collaborative") and the NAACP State Conferences for Alabama, Arizona, Arkansas, Kentucky, Louisiana, Missouri, Mississippi, and Montana ("the NAACP State Conferences") respectfully request leave to present argument as *amici curiae* if this Court grants Plaintiffs' unopposed request for a hearing on the parties' pending cross-motion motions for summary judgment.  Amici will assist the Court by presenting "ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs."  *Chavez v. Credit Nation Auto Sales, Inc.*, No. 1:13-CV-00312, 2014 WL 12780146, at *2 (N.D. Ga. June 5, 2014) (quoting *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003)).

The Collaborative and the NAACP State Conferences presented case-dispositive issues that Defendants failed to raise in their briefing, including Plaintiffs' complete lack of evidence on their theory of law-enforcement standing and on Plaintiffs' flawed statutory interpretation.  Amici also provided a more detailed discussion of the *parens patriae* and ultra vires arguments that Defendants raised in their cross-motion for summary judgment, and could provide a fulsome discussion of that issue if allowed to present argument at the summary-judgment hearing.

To facilitate efficient presentation of the issues, the Collaborative and the NAACP State Conferences request 15 minutes of argument time.  In support of this motion, the Collaborative and NAACP State Conferences state the following:

1.  On May 11, 2023, the Collaborative and the NAACP State Conferences moved to intervene in the case.  ECF No. 61.  Both parties opposed intervention, but consented to the organizations' participation as *amici curiae*.  ECF No. 75 at 11 ("The Federal Defendants have no objection to Proposed Intervenors participating in the case as amici."); ECF No. 77 at 12 ("Amicus status, which Plaintiffs do not oppose, both 'protect[s] the proposed intervenors' interests' and 'allow[s] the district court the benefit of hearing proposed intervenors' concerns,' 'views,' and

'expertise.'"). The Court denied the motion and gave leave to appear as *amici curiae* on July 12, 2023. ECF No. 87.

2. Meanwhile, Plaintiffs moved for summary judgment and requested that this Court hold a hearing on the motion. ECF No. 78. Defendants opposed the motion and cross moved for summary judgment; they did not oppose Plaintiffs' request for a hearing. ECF Nos. 90, 91, 92.

3. The Collaborative and the NAACP State Conferences filed a brief of *amici curiae* in support of Defendants, arguing that Plaintiffs have presented no evidence to survive summary judgment on standing, judicial reviewability, and the merits of their ultra vires challenge. ECF No. 96. On standing, Amici argued that Plaintiffs are not entitled to summary judgment because they failed to present any evidence on the three injuries they alleged— two of which are also barred by law. *Id.* at 9-22. On judicial reviewability, Amici explained that a proper interpretation of § 1395w-4(q)(13)(B)(iii) shows that Plaintiffs cannot evade the statute's bar on judicial review. *Id.* at 23-28. On the merits, Amici argued that Plaintiffs are not entitled to summary judgment because the only evidence in the record undermines Plaintiffs' claim that the Anti-Racism Rule is ultra vires. *Id.* at 28-35.

4. Briefing on the parties' cross-motions for summary judgment will be complete on October 5, 2023. *See* Min. Order (Sept. 21, 2023).

5. The Collaborative and the NAACP State Conferences request time to present argument at any hearing this Court holds on the parties' cross-motions for summary judgment. As this Court has explained, it has "inherent authority" to permit participation in this case by *amici curiae* and has "broad discretion to determine the scope of an amicus's participation." ECF No. 87 at 17-18. Rightly so. Courts have long "exercised great liberality in permitting an amicus curiae to file a brief in a pending case, and, with further permission of the court, to argue the case and

3

introduce evidence." *United States v. Davis*, 180 F. Supp. 2d 797, 800 (E.D. La. 2001) (citation omitted); *see Ingebretsen v. Jackson Pub. Sch. Dist.*, 864 F. Supp. 1473, 1479 (S.D. Miss. 1994) (Permitting a party "to present argument at the hearing as amicus curiae."), *aff'd sub nom.*, 88 F.3d 274 (5th Cir. 1996); *Carr v. Conoco Plastics, Inc.*, 295 F. Supp. 1281, 1288 (N.D. Miss. 1969) (EEOC permitted to file a brief and present oral argument as *amicus curiae* "because of the important issues raised as to the interpretation of the [Title VII of the Civil Rights Act of 1964]."), *aff'd*, 423 F.2d 57 (5th Cir. 1970); *All. of Auto. Mfrs. v. Gwadowsky*, 297 F. Supp. 2d 305, 308 (D. Me. 2003) (*amicus curiae* permitted "to participate separately in oral arguments on dispositive motions, if any"). For at least three reasons, this Court should exercise its discretion to allow the Collaborative and NAACP States Conferences to present argument as *amici curiae* if it holds a summary-judgment hearing.

6. *First*, the Collaborative and NAACP State Conferences' participation in oral argument will aid the Court in effective resolution of this case because the organizations present case-dispositive arguments that Defendants have not raised. For example, Defendants failed to argue that Plaintiffs' complete lack of proof regarding the scope and enforcement of their anti-discrimination laws dooms Plaintiffs' contention that they are entitled to summary judgment on their law-enforcement theory of standing. This Court has a duty to satisfy itself that Plaintiffs have standing before proceeding to the merits. *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94 (1998). Amici's distinct standing arguments make them well-positioned to aid the Court in this analysis.

7. The same is true of Amici's arguments that § 1395w-4(q)(13)(B)(iii) bars judicial review of the Anti-Racism Rule. This Court previously explained that Plaintiffs were only permitted to challenge "whether the Anti-Racism Rule satisfies the definition of a 'clinical practice

improvement activity.'" ECF No. 52 at 45. That question is quintessentially a question of statutory interpretation. And unlike Defendants, Amici explains why Plaintiffs' interpretation of the "clinical practice improvement activity" definition is inconsistent with the statute's text.

8. Invoking *Voices for International Business and Education, Inc. v. NLRB*, 905 F.3d 770 (5th Cir. 2018), Plaintiffs now argue that this Court may not consider any arguments raised by Amici that Defendants did not make. ECF No. 109 at 7 n.4. Plaintiffs are wrong. *Voices* involved participation of *amici curiae* on appeal—a context in which courts generally refrain from considering arguments that were not fairly presented to the district court. *Id.*; *see also Harris Cnty. v. CarMax Auto Superstores Inc.*, 177 F.3d 306, 326 (5th Cir. 1999) ("Typically, we will not consider on appeal matters not presented to the trial court. Rather, the litigant must raise his argument to such a degree that the district court may rule on it." (internal citation omitted)). The same concerns are not present when a non-party presents arguments *to the district court* that the parties do not raise. To the contrary, district courts retain broad discretion to consider arguments raised—and raised only by—*amici curiae*. *Supra* 3-4.

9. *Second*, the Collaborative and NAACP State Conferences will aid the Court at oral argument because the organizations are prepared to provide a detailed discussion of why Plaintiffs' *parens patriae* theory fails and why the Anti-Racism Rule encourages compliance with, not violations of, anti-discrimination laws—two issues that Defendants raised but that Amici focused on as a more central component of their briefing.

10. The Collaborative and the NAACP State Conferences explained that Plaintiffs cannot sue to assert the rights of their citizens because "a State does not have standing as parens patriae to bring an action against the Federal Government." *Haaland v. Brackeen*, 143 S. Ct. 1609, 1640 (2023) (alterations and citation omitted). Plaintiffs attempt to obfuscate the issue by arguing

that their theory is a modern, permissible version of *parens patriae*, ECF No. 109 at 12. But, as Amici explained, Plaintiffs' asserted interest in the wellbeing of unnamed citizens is an impermissible basis for standing, ECF No. 96 at 16-18. Amici are prepared to also explain why the cases Plaintiffs invoke in their rebuttal brief do not salvage their *parens patriae* theory.

11. The Collaborative and the NAACP State Conferences also explained that Plaintiffs wrongly claim that the Anti-Racism Rule encourages racial discrimination, a theory that Plaintiffs can only support by mischaracterizing a single document in the Administrative Record. Plaintiffs' claim that the Rule requires prioritization of certain populations over others rests on a fallacy that assumes that health care providers cannot address racial disparities without harming another class of patients. Amici are uniquely well positioned to refute that narrative. A study that the Collaborative designed and conducted corroborates what the administrative record amply shows: Far from worsening the health of white patients, anti-racism interventions improve health outcomes for everyone. ECF. 96 at 34.

12. Unlike Defendants, who had to calibrate their briefing to touch on a broad variety of issues, Amici had the discretion to more fully discuss a narrower set of issues. Two of Amici's central areas of focus were Plaintiffs' *parens patriae* theory of standing and Plaintiffs' flawed contention that implementing any anti-racism policies prioritizes patients of color and diminishes the health of white patients. This Court's consideration of the summary judgment briefings will benefit from the comprehensive discussion of these two issues that Amici are prepared to provide.

13. *Third*, the Collaborative and the NAACP State Conferences have a particularly acute interest in how this case is resolved. As explained in Amici's intervention briefing, the NAACP State Conferences have thousands of members who have experienced discrimination in health care; are eligible for, or recipients of, Medicare; and stand to directly benefit from the Anti-

Racism Rule. ECF No. 62 at 6. Moreover, the Collaborative engages in research, outreach, and training that directly refutes Plaintiffs' claims that the only way to pursue Anti-Racism in health is by subordinating the health of white patients. *Id.* at 8-9. For many of the same reasons why Amici's knowledge and experience make them well positioned to aid this Court's resolution of the issues presented at summary judgment, the consequences of this Court's ruling will uniquely impact the lives of Amici's membership—especially members of the NAACP State Conferences. ECF No. 96 at 1.

14. This Court's reasons for denying permissive intervention—costs and the sufficiency of amici participation—do not counsel against Amici's participation here. Granting Amici 15 minutes of oral argument time will not "unnecessarily complicate or delay the case by multiplying motions and possible discovery." ECF No. 87 at 17. Moreover, Plaintiffs have now walked back their claim that Amici can present their arguments to the Court. ECF No. 109 at 7 n.4; *see also supra* at 4-5. Amici should be able to attend the summary-judgment hearing; refute Defendants' new claim that Amici's arguments must be disregarded; and ensure that their arguments are fully and fairly before the Court.

15. Counsel for Amici conferred with counsel for Plaintiffs and counsel for Defendants. Defendants take no position on Amici's motion; Plaintiffs oppose it.

Amici will aid in this Court's resolution of the issues presented at summary judgment because they raise case-dispositive legal arguments that Defendants did not and expound on other issues in ways that Defendants could not. For these reasons, Amici respectfully requests 15 minutes to present oral argument at any hearing this Court holds on the parties' cross-motions for summary judgment.

Respectfully submitted, this 29th day of September, 2023.

| | |
|---|---|
| Jon Greenbaum* <br> Kathryn Youker* <br> Lawyers' Committee for Civil Rights Under Law <br> 1500 K Street, NW, Suite 900 <br> Washington, DC 20005 <br> Telephone: (202) 662-8355 <br> kyouker@lawyerscommittee.org | */s/ Robert B. McDuff* <br> Robert B. McDuff (MS Bar #2532) <br> Mississippi Center for Justice <br> 210 E Capitol Street, Suite 1800 <br> Jackson, MS 39201 <br> Telephone: (601) 259-8484 <br> rmcduff@mscenterforjustice.org <br><br> Jo-Ann Tamila Sagar* <br> Stanley J. Brown* <br> HOGAN LOVELLS US LLP <br> 555 Thirteenth Street, NW <br> Washington, DC 20004 <br> Telephone: (202) 637-5600 <br> Facsimile: (202) 637-5910 <br> jo-ann.sagar@hoganlovells.com <br><br> Johannah Walker*† <br> HOGAN LOVELLS US LLP <br> 4 Embarcadero Ctr., Suite 3500 <br> San Francisco, CA 94111 <br><br> *Counsel for Amici* <br><br> \*  Admitted Pro Hac Vice <br><br> †*Admitted only in the District of Columbia and Arkansas. Practice supervised by principals of the Firm admitted in the California.* |

**CERTIFICATE OF SERVICE**

I certify that on September 29, 2023, the foregoing document was filed on the Court's CM/ECF system which sent notification of such filing to all counsel of record.

*/s/ Robert B. McDuff*
