# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| STATE OF MISSISSIPPI; STATE OF ALABAMA; STATE OF ARKANSAS; COMMONWEALTH OF KENTUCKY; STATE OF LOUISIANA; STATE OF MISSOURI; and STATE OF MONTANA,<br><br>*Plaintiffs*,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services; THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; CHIQUITA BROOKS-LASURE, in her official capacity as Administrator of the Centers for Medicare and Medicaid Services; THE CENTERS FOR MEDICARE AND MEDICAID SERVICES; THE UNITED STATES OF AMERICA,<br><br>*Defendants*. | Case No. 1:22-cv-113-HSO-RPM<br><br>**Memorandum of Authorities Supporting Plaintiffs' Response in Opposition to Motion for Leave to Participate as *Amici Curiae* in Summary Judgment Hearing** |

This Court should deny Movants' Motion for Leave to Participate as *Amici Curiae* in Summary Judgment Hearing. *See* Doc. 112, 113. As this Court explained in its order denying intervention, district "courts typically apply Rule 29 of the Federal Rules of Appellate Procedure." Doc. 87 at 17. If a party is not "willing to share its argument time with the amicus," then that Rule requires "extraordinary circumstances" before Movants may participate at oral argument. *See* Fed. R. App. P. 29, adv. comm. notes. Movants do not state that Defendants have agreed to share their argument time, *see*

1

Doc. 113 ¶15, and extraordinary circumstances don't exist here. Even if Defendants had agreed to share argument time,[1] the motion should still be denied.

On the merits, this litigation turns on a single question of law: whether the Anti-Racism Rule exceeds the agency's statutory authority. The parties have already litigated that question. This Court has already ruled that "[t]he Secretary lacks authority to 'identif[y]' an activity as an 'activit[y] specified under [the statute]' when the activity does not satisfy the very definition of such activities set forth in the statute." *Colville v. Becerra*, 2023 WL 2668513, at *19 (S.D. Miss. Mar. 28, 2023). And whether that definition is satisfied depends on written materials in the administrative record that the parties and Movants have already briefed and that the Court is capable of reviewing. *See* Doc. 108 at 20-23; Doc. 91 at 14-15; Doc. 96 at 23-25. On standing, this litigation also turns on a single question of law: whether the States suffer an injury because of the Anti-Racism Rule. Defendants and Movants have fully briefed that legal question too. Doc. 91 at 8-12; Doc. 96 at 9-23. Movants have identified no good reason that their participation as *amici* should involve more than the lengthy brief they already filed.

***First***, Movants' lead argument shows that their motion should be denied. They say they will present arguments "Defendants have not raised," including on the merits question of whether the States' "interpretation of the 'clinical practice improvement

---

[1] Movants' request "15 minutes to present oral argument at any hearing this Court holds on the parties' cross-motions for summary judgment." Doc. 113 at 7. If this Court grants the motion, that time should come out of Defendants' time given Rule 29, the considerable overlap between Defendants' and Movants' arguments, and fairness to Plaintiffs.

activity' definition is inconsistent with the statute's text." Doc. 113 ¶¶6-7. That's improper. As the Fifth Circuit has explained, courts "do not consider arguments raised by an amicus that the party it is supporting never made." *Voices for Int'l Bus. & Educ., Inc. v. Nat'l Lab. Rels. Bd.*, 905 F.3d 770, 776 n.6 (5th Cir. 2018) (party "ha[d] never contended that it satisfies [a] definition"). Movants argue that this rule applies only to appeals because parties forfeit arguments on appeal that they didn't raise in the district court. Doc. 113 ¶8. But that assertion ignores that parties can likewise forfeit arguments in the district court. *E.g.*, *Thomas v. Nationstar Mortg.*, LLC, 2023 WL 2780360, at *7 n.4 (S.D. Miss.) (Ozerden, J.) (party that didn't address an issue "in his Response … or accompanying Memorandum … has forfeited any argument on this issue" (citing *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021)); *Jamison v. McClendon*, 476 F. Supp. 3d 386, 418 (S.D. Miss. 2020). It ignores that district courts apply appellate rules regarding "amicus status in district court proceedings." Doc. 87 at 17. And it ignores that district courts also apply the rule against allowing *amici* to introduce new arguments at summary judgment. *See, e.g.*, *DCOR, LLC v. U.S. Dep't of the Interior*, 2023 WL 4748197, at *1 & 9 n.21 (N.D. Tex.) ("the Court will not consider arguments [the party] did not raise itself"); *see also Tafas v. Dudas*, 511 F. Supp. 2d 652, 660-61 (E.D. Va. 2007). Movants' lead argument for participation is therefore a reason to deny the motion.

**Second**, Movants argue that they will "aid the Court at oral argument" because they will repeat arguments Defendants *did* make. Doc. 113 ¶¶9-12. For example, Movants want time to tell this Court about *Haaland v. Brackeen*, 143 S. Ct. 1609 (2023).

3

But they don't need time at a hearing to do that. Everyone has now briefed the relevance of that decision. Doc. 108 at 11-14; Doc. 91 at 9; Doc. 96 at 16-17. And this Court can read those arguments and *Brackeen* for itself. The United States—which prevailed in that case—is fully capable of answering any questions the Court has about it. All that's left is Movants' promise to introduce new facts by discussing "[a] study that [they] designed and conducted." Doc. 113 ¶11. Movants' brief again shows that all intended unique contributions are improper. *See supra*; Doc. 87 at 17 (explaining that Movants "cannot add any new facts in this case").

***Finally***, Movants argue that they have an interest "in how this case is resolved," Doc. 113 ¶13, but this Court has already ruled that Movants "are adequately represented by Defendants in the litigation," *see* Doc. 87 at 16. Movants argue that their participation will not unnecessarily delay the case, but that consideration was just one reason why this Court denied intervention. Movants can't refute the fact that this Court separately held that Defendants adequately represent Movants and that Movants will contribute insignificantly because they can't introduce new issues. *See* Doc. 87 16-17. All that's left is Movants' incorrect assertion that "Plaintiffs have now walked back their claim that Amici can present their arguments to the Court," against which they want time to argue. Doc. 7 at 7. Not true. Movants have already presented their arguments. Doc. 96. Plaintiffs argue only that this Court should not consider new arguments and facts not briefed by the parties, consistent with precedent. *See supra.* Movants have now responded to that argument. Doc. 113 ¶8, so no argument time is needed for them to

4

address it. And if the Court disagrees with the States on this point, Movants' arguments are plainly fleshed out in their *amicus* brief for the Court's consideration.

## CONCLUSION

For the foregoing reasons, the Court should deny Movants' motion.

Dated: October 13, 2023                                       Respectfully submitted,

*s/ Scott G. Stewart*                                              *s/ Cameron T. Norris*
LYNN FITCH                                                         Cameron T. Norris*
   *Attorney General*                                      CONSOVOY MCCARTHY PLLC
Scott G. Stewart (MS Bar No. 106359)           1600 Wilson Blvd., Ste. 700
   *Solicitor General*                                       Arlington, VA 22209
Justin L. Matheny (MS Bar No. 100754)        (703) 243-9423
   *Deputy Solicitor General*                            cam@consovoymccarthy.com
MISSISSIPPI ATTORNEY
GENERAL'S OFFICE
P.O. Box 220
Jackson, MS 39205-0220
(601) 359-3680
scott.stewart@ago.ms.gov
justin.matheny@ago.ms.gov


*s/ Edmund G. LaCour Jr.*                                   *s/ Nicholas J. Bronni*
STEVE MARSHALL                                              LESLIE RUTLEDGE
   *Attorney General*                                         *Attorney General*
Edmund G. LaCour Jr.*                                     Nicholas J. Bronni*
   *Solicitor General*                                          *Solicitor General*
OFFICE OF THE ALABAMA                                  OFFICE OF THE ARKANSAS
ATTORNEY GENERAL                                          ATTORNEY GENERAL
501 Washington Ave.                                          323 Center Street, Suite 200
Montgomery, AL 36130                                       Little Rock, AR 72201
(334) 353-2196                                                      (501) 682-6302
Edmund.LaCour@AlabamaAG.gov                 nicholas.bronni@arkansasag.gov

5

<div style="display: flex;">

<div>

*s/ Aaron J. Silletto*
DANIEL CAMERON
   *Attorney General*
Aaron J. Silletto*
   *Assistant Attorney General*
KENTUCKY OFFICE OF THE ATTORNEY GENERAL
700 Capital Avenue, Suite 118
Frankfort, Kentucky
(502) 696-5439
Aaron.Silletto@ky.gov


*s/ Joshua M. Divine*
ANDREW BAILEY
   *Attorney General*
Joshua M. Divine*
   *Solicitor General*
Samuel C. Freedlund*
OFFICE OF THE MISSOURI ATTORNEY GENERAL
815 Olive Street
Suite 200
St. Louis, MO 63101
(314) 340-4869
Josh.Divine@ago.mo.gov
Samuel.Freedlund@ago.mo.gov

</div>

<div>

*s/ Scott St. John*
JEFF LANDRY
   *Attorney General*
Elizabeth B. Murrill*
   *Solicitor General*
Scott St. John (MS Bar No. 102876)
   *Deputy Solicitor General*
LOUISIANA DEPARTMENT OF JUSTICE
1885 N. Third Street
Baton Rouge, Louisiana 70804
(225) 326-6766
murrille@ag.louisiana.gov


*s/ Christian Corrigan*
AUSTIN KNUDSEN
   *Attorney General*
Christian Corrigan***
   *Solicitor General*
MONTANA DEPARTMENT OF JUSTICE
215 North Sanders Street
Helena, MT 59601
christian.corrigan@mt.gov

</div>

</div>

*pro hac vice
**pro hac vice pending
***pro hac vice forthcoming

## CERTIFICATE OF SERVICE

      I e-filed this opposition with the Court, which will email everyone requiring service.

      Dated: October 13, 2023                                        *s/ Cameron T. Norris*