**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | |
|---|---|
| STATE OF MISSISSIPPI; STATE OF ALABAMA; STATE OF ARKANSAS; COMMONWEALTH OF KENTUCKY; STATE OF LOUISIANA; STATE OF MISSOURI; and STATE OF MONTANA, <br> *Plaintiffs*, <br><br> v. <br><br> XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services; THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; CHIQUITA BROOKS-LASURE, in her official capacity as Administrator of the Centers for Medicare and Medicaid Services; THE CENTERS FOR MEDICARE AND MEDICAID SERVICES; THE UNITED STATES OF AMERICA, <br> *Defendants*. | No. 1:22-cv-113-HSO-RPM |

<u>**REBUTTAL IN SUPPORT OF MOTION FOR LEAVE TO PARTICIPATE AS *AMICI CURIAE* IN SUMMARY JUDGMENT HEARING ON BEHALF OF GREENSBORO HEALTH DISPARITIES COLLABORATIVE AND THE NAACP STATE CONFERENCES FOR ALABAMA, ARIZONA, ARKANSAS, KENTUCKY, LOUISIANA, MISSOURI, MISSISSIPPI, AND MONTANA**</u>

Amici's participation at a summary judgment hearing would be helpful, limited, and entirely proper. ECF No. 113 at 2-7. Defendants do not disagree. And Plaintiffs' opposition falters by expanding Federal Rule of Appellate Procedure 29 beyond its proper reach, speculating about non-existent time limits at a not-yet-scheduled hearing, and creating a rule that would bar *amicus curiae*'s participation at oral argument in *every* case. Amici respectfully requests that this Court grant their request for 15 minutes to present oral argument at any hearing this Court holds on the parties' cross-motions for summary judgment.

1. As this Court explained, "the Court has broad discretion to determine the scope of an *amicus*'s participation in the case, *see Morales v. Turman,* 820 F.2d 728, 730 (5th Cir. 1987)."[1] ECF No. 87 at 17-18. The Court should exercise that discretion to permit Amici's participation at any summary-judgment hearing. ECF No. 113 at 2-7. Amici presented case-dispositive issues that Defendants failed to raise in their briefing, including Plaintiffs' lack of evidence on their theory of law-enforcement standing and on Plaintiffs' flawed statutory interpretation. Amici also more fully discussed the parens patriae and ultra vires issues than Defendants, and would be prepared at a summary-judgment hearing to answer any of the Court's outstanding questions.

Plaintiffs' arguments for denying Amici an opportunity to fully air their position at the summary-judgment hearing do not wash. It is no surprise that Defendants do not endorse them.

2. Plaintiffs selectively quote this Court's intervention order to insinuate (at 1) that "courts typically apply [FRAP] 29" to decide whether *amici curiae* should participate at oral argument. By Plaintiffs telling, Amici must justify its participation at oral argument with "extraordinary circumstances" unless a party agrees to share its oral argument time. *Id.* (citation omitted). This badly misconstrues the intervention decision and the cases this Court relied upon.

This Court considered Rule 29 to determine whether the Collaborative and the NAACP State Conferences were *eligible* for "[a]micus status," not to define the *scope* of Amici's participation. ECF No. 87 at 17. The cases this Court relied upon for adopting Rule 29 confirm the point. In *United States ex rel. Gudur v. Deloitte Consulting LLP, LLC*, the district court adopted Rule 29 for help "defin[ing] a federal district court's power *to grant or deny leave to file an* amicus *brief.*" 512 F. Supp. 2d 920, 927 (S.D. Tex. 2007) (emphasis added). Similarly, in *Rowland v.*

---

[1] In *Morales*, the district court permitted *amici curiae* to "participate in this lawsuit as fully and to the same extent as though they were actual parties in interest." 820 F.2d at 730.

*GGNSC Ripley*, the district court stated that trial court's "inherent authority *to appoint or deny* amici . . . is derived from Rule 29." No. 3:13-CV-11-DMB-SAA, 2016 WL 4136486, at *4 (N.D. Miss. Aug. 3, 2016) (emphasis added). Neither used Rule 29 to limit the scope of Amici's participation; that is likely why Plaintiffs do not cite them. Indeed, Plaintiffs do not identify a single example of a district court requiring *amicus curiae* to show "extraordinary circumstances" as a prerequisite to participating at a summary-judgment hearing.

If anything, the advisory comments to Rule 29 highlight the folly of mechanically applying appellate rules to district court proceedings. The comments suggest that an *amicus curiae* must present "extraordinary reasons" to participate in argument when a party is unwilling to share her argument time with *amicus*; otherwise, "it is not unusual for a court to permit an amicus to argue." Fed. R. App. 29, adv. comm. notes. This guidance makes sense on appeal. Appellate courts, including the Fifth Circuit, generally have local rules that limit the amount of time permitted for oral argument, and sparingly grant requests for additional time. 5th Cir. R. 34.11, 34.12; *see also, e.g.*, 6th Cir. R. 34(f)(1); 8th Cir. R. 34A(b); 11th Cir. R. 34-4, I.O.P. 10-11. When a party and supporting *amicus* share argument time, the *amicus*'s participation presents no threat to the court's limits. By contrast, when a party declines to share argument time, *amicus* participation requires an appellate court to allot additional argument time to case. In this way, the "exceptional reasons" requirement for non-party participation in argument does little more than parallel appellate courts' admonition that "[a]dditional time for oral argument is sparingly permitted." 5th Cir. R. 34.12.

The same is not true in the Southern District of Mississippi. Neither the local rules nor this Court have prescribed time limits for arguments at summary-judgment (or any other) hearings. And neither the local rules nor this Court have indicated that the parties are guaranteed equal time to present their arguments. This Court could therefore grant Amici leave to present argument at

the summary-judgment hearing without departing from the Court's default time limits or impeding upon time reserved for the parties. Rule 29 simply has no traction here.

3. Nor are Plaintiffs' other arguments persuasive. According to Plaintiffs, this Court cannot consider Amici's arguments if Defendants did not raise them and need not consider Amici's arguments if Defendants did raise them. ECF No. 120 at 4-5. The upshot of this two-step rule is that participation by *amicus curiae* at summary judgment hearings is *never* permitted. The problem: Plaintiffs' approach is inconsistent with the settled principle that courts enjoy "great liberality in permitting an amicus curiae to file a brief in a pending case" and "to argue the case." *Cazorla v. Koch Foods of Mississippi, LLC*, No. 3:10CV135-DPJ-FKB, 2014 WL 2163151, at *3 (S.D. Miss. May 23, 2014) (internal quotation marks omitted).

*First*, this Court can consider arguments raised by Amici that Defendants declined to raise. District courts have for decades considered arguments raised only by *amicus curiae*. *See, e.g.*, *Elizondo v. Spring Branch Indep. Sch. Dist.*, No. 4:21-CV-01997, 2022 WL 19978266, at *2-3 (S.D. Tex. Mar. 11, 2022) (denying motion based solely on arguments raised by *amicus curiae*); *Clark v. Roemer*, 777 F. Supp. 445, 465 (M.D. La. 1990) (considering distinct arguments of *amicus curiae* on the merits); *see also Supreme Beef Processors, Inc. v. U.S. Dep't of Agric.*, No. CIV.A.3:99CV2713G, 2000 WL 127281, at *2 (N.D. Tex. Feb. 2, 2000) (noting that *amicus curiae* status permitted non-party to "raise issues not addressed by [the parties]"). Plaintiffs fail to engage with, let alone refute, this longstanding practice.

Instead, Plaintiffs insist that *Voices for International Business and Education, Inc. v. National Labor Relations Board*—a case that applies only to amicus participation on appeal from

a NLRB decision[2]—cabins *amicus* participation at summary judgment because forfeiture applies in district courts as it does on appeal. ECF No. 120 at 3 (citing *Voices*, 905 F.3d 770, 776 n.6 (5th Cir. 2018)). None of the cases Plaintiffs cite for this proposition actually support it. Neither *Thomas v. Nationstar Mortg*age, LLC, No. 2:22CV88-HSO-LGI, 2023 WL 2780360, at *7 (S.D. Miss. Feb. 6, 2023) nor *Jamison v. McClendon*, 476 F. Supp. 3d 386, 418 (S.D. Miss. 2020) involved *amicus curiae* at all. They stand for little more than the undisputed notion that district courts are not expected to rule on arguments that they lack any opportunity to consider. *See Vaughan v. Lewisville Indep. Sch. Dist.*, 62 F.4th 199, 206 n.38 (5th Cir. 2023) (argument not forfeited before district court where district court had opportunity to consider it). *DCOR, LLC v. United States Department of the Interior*, No. 3:21-CV-00120-N, 2023 WL 4748197, at *1 & 9 n.21 (N.D. Tex. July. 24, 2023) and *Tafas v. Dudas*, 511 F. Supp. 2d 652, 660-61 (E.D. Va. 2007) are no more helpful. *DCOR*—like *Voices for International Business*—involved a challenge to agency *adjudication*—a context in which the district court acts as a reviewing court, not a court of first instance. And neither case provided any explanation for why a bar on new arguments by *amicus* on appeal should apply with equal force to arguments that *amicus* present to a district court. As Amici explained, it should not. ECF No. 113 at 5.

    *Second*, Plaintiffs suggest (ECF No. 120 at 3-4) that Amici cannot even provide a different perspective on the arguments that a party *did* raise because this Court already found that Amici's interests were adequately represented. Plaintiffs are wrong to conflate the interests required for intervention with those required for participation as an *amicus curiae*. A non-party's interest in the

---

[2] Section 10(e) of the National Labor Relations Act provides that, absent "extraordinary circumstances," "[n]o objection that has not been urged before the Board ... shall be considered by the court." 29 U.S.C. § 160(e).

outcome of a case may be sufficient to justify participation as an *amicus curiae* even if it is not deemed sufficient to justify intervention. *In re Halo Wireless, Inc.*, 684 F.3d 581, 596 (5th Cir. 2012) (quoting *Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997)). The parties have already conceded, and this Court has found, that Amici's interest in this case warrants participation as *amicus curiae*. ECF No. 87 at 8, 17-18. The only question presented by Amici's request is whether this Court will permit Amici's participation to extend to the summary-judgment hearing.

*Third*, Plaintiffs maintain that Amici need not present argument at a summary judgment hearing because Amici's brief "already presented their arguments." ECF No. 120 at 4-5. But Plaintiffs don't buy their own argument. Plaintiffs have filed three separate briefs on the propriety of summary judgment. ECF Nos. 79, 108, 109. Their request for a summary-judgment hearing nonetheless remains pending. Indeed, Plaintiffs place so much stock in the value of oral argument that they believe "fairness to Plaintiffs" requires that any argument time awarded to Amici must be deducted from Defendants' (hypothetical) allotment of argument time. ECF No. 120 at 2 n.1. Plaintiffs' problem with Amici's participation in oral argument is not 15 minutes of time, but the real risk that this Court might deem substantial Amici's contributions.

\* \* \*

Properly understood, the role of *amicus curiae* is to provide "unique information or perspective that [could] help the court beyond the help that the lawyers for the parties are able to provide." *In re Halo Wireless, Inc.*, 684 F.3d at 596 (quoting *Ryan*, 125 F.3d at 1063). Amici respectfully request that this Court allow Amici to satisfy that role at any summary-judgment hearing that the Court schedules.

Respectfully submitted, this 20th day of October, 2023.

*/s/ Robert B. McDuff*
Robert B. McDuff (MS Bar #2532)
Mississippi Center for Justice
210 E Capitol Street, Suite 1800
Jackson, MS 39201
Telephone: (601) 259-8484
rmcduff@mscenterforjustice.org

Jon Greenbaum*
Kathryn Youker*
Lawyers' Committee for Civil Rights Under Law
1500 K Street, NW, Suite 900
Washington, DC 20005
Telephone: (202) 662-8355
kyouker@lawyerscommittee.org

Jo-Ann Tamila Sagar*
Stanley J. Brown*
Amanda NeCole Allen*
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
jo-ann.sagar@hoganlovells.com

Johannah Walker*†
HOGAN LOVELLS US LLP
4 Embarcadero Ctr., Suite 3500
San Francisco, CA 94111

*Counsel for Amici*

*\* Admitted Pro Hac Vice*

†*Admitted only in the District of Columbia and Arkansas. Practice supervised by principals of the Firm admitted in the California.*

7

**CERTIFICATE OF SERVICE**

I certify that on October 20, 2023, the foregoing document was filed on the Court's CM/ECF system which sent notification of such filing to all counsel of record.

*/s/ Robert B. McDuff*