IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| STATE OF MISSISSIPPI; STATE OF ALABAMA; STATE OF ARKANSAS; COMMONWEALTH OF KENTUCKY; STATE OF LOUISIANA; STATE OF MISSOURI; and STATE OF MONTANA,<br>*Plaintiffs*,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services; THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; CHIQUITA BROOKS-LASURE, in her official capacity as Administrator of the Centers for Medicare and Medicaid Services; THE CENTERS FOR MEDICARE AND MEDICAID SERVICES; THE UNITED STATES OF AMERICA,<br>*Defendants*. | Case No. 1:22-cv-113-HSO-RPM |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITIES**

While preparing for tomorrow's hearing, arguing counsel for Plaintiffs recently discovered two decisions from the Fifth Circuit: *Wages & White Lion Invs. v. FDA*, 90 F.4th 357 (5th Cir. 2024) (en banc) (attached as Ex.A); *Chamber of Com. v. SEC*, 88 F.4th 1115 (5th Cir. 2023) (attached as Ex.B). Both *Wages* and *Chamber* were published after the parties finished summary-judgment briefing. And both refute Defendants' arguments against vacatur.

1

Defendants argue that vacatur isn't a valid remedy. *See* Cross-MSJ Br. (Doc. 91) at 24; Cross-MSJ Rebuttal (Doc. 122) at 14. They claim that, in the June 2023 decision *United States v. Texas*, "[t]hree Justices" suggested "there are 'serious' arguments" against vacatur. Cross-MSJ Rebuttal at 14 (quoting 599 U.S. 670, 693-99 (2023) (Gorsuch, J., concurring in the judgment)). But both *Wages* and *Chamber* postdate *Texas*. In *Chamber*, the Fifth Circuit reiterates that vacatur remains an "appropriate remedy" in this circuit. 88 F.4th at 1118. And in *Wages*, the en banc Fifth Circuit did, in fact, vacate an agency's rule. *See* 90 F.4th at 381-82, 384, 390.

Defendants also argue for remand without vacatur, insisting that disruptive consequences alone are "sufficient to justify" that weaker remedy. Cross-MSJ Rebuttal at 14-15; *see also* Cross-MSJ Br. at 24-25. But *Chamber* clarifies that remand without vacatur is appropriate only when "*two* conditions" are satisfied, *Chamber*, 88 F.4th at 1118 (emphasis added)—just like Plaintiffs argued here, Cross-MSJ Opp. (Doc. 108) at 25-26. One is "'disruptive consequences'"; the other is that "there must be a 'serious possibility' that the agency will be able to correct the rule's defects on remand." *Chamber*, 88 F.4th at 1118. "Remand without vacatur is therefore inappropriate for agency action suffering from one or more serious procedural or substantive deficiencies." *Id.* Because a lack of statutory authority is a serious deficiency, the "default rule" of remand *with* vacatur applies here. *Id.*

2

| | |
|---|---|
| Dated: March 12, 2024 | Respectfully submitted, |
| s/ Justin L. Matheny | s/ Cameron T. Norris |
| Justin L. Matheny (MS Bar No. 100754) | Cameron T. Norris* |
| *Deputy Solicitor General* | CONSOVOY MCCARTHY PLLC |
| MISSISSIPPI ATTORNEY GENERAL'S OFFICE | 1600 Wilson Blvd., Ste. 700 |
| | Arlington, VA 22209 |
| P.O. Box 220 | (703) 243-9423 |
| Jackson, MS 39205-0220 | cam@consovoymccarthy.com |
| (601) 359-3680 | |
| justin.matheny@ago.ms.gov | |

\*pro hac vice

## CERTIFICATE OF SERVICE

I e-filed this notice with the Court, which will email everyone requiring service.

Dated: March 12, 2024                              s/ Cameron T. Norris

3