Case 1:22-cv-00113-HSO-RPM   Document 133-2   Filed 03/12/24   Page 1 of 3
Chamber of Commerce of United States v. United States..., 88 F.4th 1115 (2023)
Fed. Sec. L. Rep. P 101,736

88 F.4th 1115
United States Court of Appeals, Fifth Circuit.

CHAMBER OF COMMERCE OF the UNITED STATES of America; Longview Chamber of Commerce; Texas Association of Business, Petitioners,

v.

UNITED STATES SECURITIES AND EXCHANGE COMMISSION, Respondent.

No. 23-60255
|
FILED December 19, 2023

**Synopsis**
**Background:** Business associations filed petition for review of Securities and Exchange Commission's (SEC) share repurchase disclosure modernization rule, which required issuers of securities to report day-to-day share repurchase data once each quarter and to disclose reason why issuer repurchased shares of its own stock, based on contentions that rule violated First Amendment by impermissibly compelling speech and violated Administrative Procedure Act (APA). The United States Court of Appeals for the Fifth Circuit, 85 F.4th 760, granted petition, holding SEC acted arbitrarily and capriciously in violation of APA, and issued limited remand while retaining jurisdiction to consider post-remand decision. SEC moved to extend original 30-day remand period for indefinite time, and the Court of Appeals denied motion. After remand period expired, businesses moved to vacate final rule.

The Court of Appeals, Smith, Circuit Judge, held that vacatur of rule was warranted due to SEC's failure to remedy APA violations within 30 days.

Motion granted.

**Procedural Posture(s):** Review of Administrative Decision.

**\*1116** Petition for Review of an Order of the Securities and Exchange Commission, Agency No. 34-97424, Agency No. IC-34906, Agency No. 88 Fed. Reg. 36002

**Attorneys and Law Firms**

Noel John Francisco, Brinton Lucas (argued), Brian Charles Rabbitt, Charles E.T. Roberts, Jones Day, Washington, DC, Tyler Stephen Badgley, Kevin Ryan Palmer, Counsel, U.S. Chamber Litigation Center, Washington, DC, for Petitioners.

Ezekiel Levenson Hill, Securities and Exchange Commission, Office of General Counsel, Washington, DC, Dominick V. Freda, Assistant General Counsel, Theodore Joseph Weiman (argued), U.S. Securities & Exchange Commission, Washington, DC, for Respondent.

Angela Laughlin Brown, Gray Reed & McGraw, Dallas, TX, for Amicus Curiae Investor Choice Advocates Network (ICAN).

Megan Leef Brown, Thomas M. Johnson, Jr., General Counsel, Wiley Rein, L.L.P., Washington, DC, for Amici Curiae S. P. Kothari, James Overdahl.

Jeffrey Liu, Gibson, Dunn & Crutcher, L.L.P., Washington, DC, for Amicus Curiae Manhattan Institute.

Christopher Bates, Office of the Attorney General, for the State of Utah, Salt Lake City, UT, for Amici Curiae State of Utah, State of Alabama, State of Alaska, State of Arkansas, State of Georgia, State of Idaho, State of Indiana, Commonwealth of Kentucky, State of Louisiana, State of Mississippi, State of Montana, State of New Hampshire, State of Ohio, State of Oklahoma, State of South Carolina.

John Paul Schnapper-Casteras, Schnapper-Casteras, P.L.L.C., Washington, DC, for Amicus Curiae Better Markets, Incorporated.

Julie Goldsmith Reiser, Esq., Cohen Milstein Sellers & Toll, P.L.L.C., Washington, DC, for Amici Curiae Matthew D. Cain, Alex Edmans, Brian Galle, Vyacheslav Fos, Edwin Hu, Robert Jackson, Bradford Lynch, Joshua Mitts, Shivaram Rajgopal, Jonathon Zytnick.

Before Smith and Southwick, Circuit Judges.[*]

[*] Judge Higginson, who was a member of the panel, now stands recused. This opinion is issued by a quorum. See 28 U.S.C. § 46(d).

**Opinion**

Jerry E. Smith, Circuit Judge:

**\*1117** The petitioners move this court to vacate the final rule. The time to respond or oppose has expired. We grant the motion and vacate the rule.

On October 31, 2023, we issued an opinion on petitioners' challenge to the rule of the Securities and Exchange Commission ("SEC") requiring issuers to report day-to-day share repurchase data once a quarter and to disclose the reason why an issuer repurchased shares of its own stock. *Chamber of Com. of the U.S. v. SEC*, 85 F.4th 760 (5th Cir. 2023). We held that the SEC had acted arbitrarily and capriciously, in violation of the Administrative Procedure Act ("APA"), when it failed to respond to petitioners' comments and failed to conduct a proper cost-benefit analysis. We therefore granted the petition for review, issued a "limited remand" directing the SEC "to correct the defects in the rule within 30 days," and "retain[ed] jurisdiction to consider the decision ... made on remand." *Id.*

On November 22, 2023—twenty-two days after the initial opinion issued—the SEC filed an opposed motion seeking to extend the thirty-day remand period for an indefinite time. In that motion, the agency explained it "ha[d] worked diligently to ascertain the steps necessary to comply with the Court's remand order and ha[d] determined that doing so w[ould] require **\*1118** additional time." We denied that motion on November 26, 2023.

The thirty-day remand period expired on November 30, 2023. One day later, at the request of the Clerk of this court, the SEC filed a letter stating that "the Commission was not able to 'correct the defects in the rule' within 30 days of the [c]ourt's opinion."

I.

Under the APA, this court must "set aside agency action[ ] found to be arbitrary [or] capricious, contrary to constitutional right, or without observance of procedure as required by law." *Id.* at 767–68 (citations omitted) (cleaned up). Accordingly, "[t]he default rule is that vacatur is the appropriate remedy." *Data Mktg. P'ship v. Dep't of Lab.*, 45 F.4th 846, 859 (5th Cir. 2022).

Departing from that default rule is justifiable only in "rare cases"[1] satisfying two conditions: *First*, there must be a "serious possibility" that the agency will be able to correct the rule's defects on remand. *Texas v. United States*, 50 F.4th 498, 529 (5th Cir. 2022) (citation omitted). Remand without vacatur is therefore inappropriate for agency action suffering from one or more serious procedural or substantive deficiencies.[2] *Second*, vacating the challenged action would produce "disruptive consequences." *Id.* (citation omitted).

[1] *United Steel, Paper & Forestry, Rubber Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. Mine Safety & Health Admin.*, 925 F.3d 1279, 1287 (D.C. Cir. 2019) (citations omitted).

[2] For example, remand without vacatur would not be appropriate for agency action (1) plagued with "fundamental substantive defects," *id.*; (2) promulgated in violation of notice-and-comment requirements, *see Nat. Resources Def. Council v. Wheeler*, 955 F.3d 68, 85 (D.C. Cir. 2020); or (3) for which "there is serious doubt over the substantive correctness of the agency action at issue," 33 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. 3D § 8382, 2023 Supp. at 39 (Thomson Reuters); *see also All. for Hippocratic Med. v. FDA*, 78 F.4th 210, 255 (5th Cir. 2023), *cert. granted*, ––– U.S. ––––, ––– S.Ct. ––––, ––– L.Ed.2d ––––, 2023 WL 8605746, 2023 U.S. LEXIS 4917 (U.S. Dec. 13, 2023) (No. 23-235), *and cert. granted*, ––– U.S. ––––, ––– S.Ct. ––––, ––– L.Ed.2d ––––, 2023 WL 8605744, 2023 U.S. LEXIS 4916 (U.S. Dec. 13, 2023) (No. 23-236), *and cert. denied*, ––– U.S. ––––, ––– S.Ct. ––––, ––– L.Ed.2d ––––, 2023 WL 8605749, 2023 U.S. LEXIS 4914 (U.S. Dec. 13, 2023) (No. 23-395).

In this panel's earlier opinion, we "recognized that there was at least a serious probability that the SEC would be able to substantiate its decision if given an opportunity to do so." 85 F.4th at 780 (citations omitted) (cleaned up). We therefore "afford[ed] the agency limited time to remedy the deficiencies in the rule" by remanding "with direction ... to correct the defects in the rule." *Id.*

That thirty-day period has come and gone. The SEC claims to have "worked diligently to ascertain the steps necessary to comply with the Court's remand order." Yet the agency has nothing to show for its efforts. It returns to this court empty-handed, admitting that it "was not able to 'correct the defects in the rule' within 30 days." The rule remains no less flawed—and no less unlawful—than it was on October 31, 2023.

II.

The SEC acted arbitrarily and capriciously, in violation of the APA, when it failed to respond to petitioners' comments and failed to conduct a proper cost-benefit analysis. The challenged rule is VACATED. The mandate shall issue forthwith.

**All Citations**

88 F.4th 1115, Fed. Sec. L. Rep. P 101,736

---

End of Document © 2024 Thomson Reuters. No claim to original U.S. Government Works.