AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

| | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:

*(Name of person to whom this subpoena is directed)*

❒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                                   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

703-243-9423               **Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

In the underlying litigation—*Mississippi v. Becerra*, No. 1:22-cv-113-HSO-RPM (S.D. Miss.)—seven States challenge the legality of a new clinical practice improvement activity under Medicare Part B's Merit-based Incentive Payment System: "Create and Implement an Anti-Racism Plan." 86 Fed. Reg. 64,996, 65,969-70 (Nov. 19, 2021). According to the governmental defendants in that case, you claimed to have completed that activity for performance year 2022. The defendants also claim that you have the documentation for how you completed that activity. In accordance with Federal Rule of Civil Procedure 45, the plaintiffs in *Mississippi* now subpoena you for all documents concerning your anti-racism plan for performance year 2022 and, if applicable, performance year 2023.

## INSTRUCTIONS

1. These requests are governed by the Federal Rules of Civil Procedure, as well as the applicable local rules of the Southern District of Mississippi and the orders of Judge Ozerden.

2. Unless stated otherwise, a request to produce a document includes a request for individual officials, employees, attorneys, consultants, representatives, agents, and all others acting on your behalf to produce the document.

3. When answering these requests, furnish all requested information, not subject to valid objection, that is known by, possessed by, available to, or subject to reasonable access or control by you or any of your attorneys, consultants,

1

representatives, investigators, agents, and all others acting on your behalf or under your supervision. Without limiting the term "control," a document is deemed to be within your control if you have the right to secure the document or copy thereof from any persons or public or private entity having physical control of it.

4. If you object to responding to any of these requests, in whole or in part, you must state your objections with specificity and all factual and legal bases for the objections. If you object to a portion of a request, you must specify the part to which you object and respond to the rest.

5. If, in responding to or failing to respond to any of these requests, you invoke a privilege of any kind, state specifically the nature of the privilege; the bases on which you claim the privilege, including statutory or decisional references; and identify all documents or other information, including contacts and communications, that you believe to be embraced by the privilege invoked. If you withhold any information based on the attorney-client privilege, the attorney work-product immunity, or any other privilege or immunity, identify the document or information withheld and provide the following information: (i) a description of the document or information, including the nature of the document or information (e.g., email, letter, database, etc.); (ii) the authors and creators of the document or information; (iii) the recipients or addressees of the document or information; (iv) the date of the document or information; (v) the subject matter of the document or information; (vi) the nature of all privileges or immunities

claimed; and (vii) all additional information that is necessary to understand and challenge the withholding of the document or information.

6. If you contend that it would be unduly burdensome to obtain and provide all the information or documents called for in response to any request or part thereof, then: (a) produce all such information or documents as are available without undertaking what you contend to be an undue burden; (b) describe with particularity the efforts made by you or on your behalf to produce such information or documents; and (c) state with particularity the grounds upon which you contend that additional efforts to produce such information or documents would be unduly burdensome.

7. In responding to each request, if you do not produce a document in whole or in part because you are unable to do so, or for any other reason, state the name and address of each person you believe has custody, possession, or control of the document.

8. If any requested document or other potentially relevant document is subject to destruction under any document retention or destruction program, the documents should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by court order.

9. If a responsive document has been destroyed or has passed out of your possession, custody, or control, provide the following information with respect to each such document: its title, date, authors, senders, recipients, subject matters, the circumstances under which it has become unavailable, and, if known, its current location and custodian.

10. Produce all documents in the same order as they are kept or maintained by you in the ordinary course of business.

11. Documents are to be kept in their original format as they are kept by you, provided that documents or records shall be produced as described hereinafter, and hard-copy documents may be produced in electronic format. Documents should be produced in their entirety, without abbreviation, redaction, or expurgation; file folders with tabs or labels identifying documents responsive to these requests should be produced intact with said documents; and documents attached to each other should not be separated. Please produce any electronically stored information in native format files and bates numbered individual PDF files, with a corresponding load file preserving all native metadata. Each document produced should be categorized by the number of the request for which it is produced.

12. For documents produced in PDF format that originated in electronic form, metadata shall be included with the data load files described above, and shall include (at a minimum) the following information: file name (including extension); original file path; page count; creation date and time; last saved date and time; last modified date and time; author; custodian of the document (that is, the custodian from whom the document was collected or, if collected from a shared drive or server, the name of the shared drive or server); and MD5 hash value. In addition, for email documents, the data load files shall also include the following metadata: sent date; sent time; received date; received time; "to" names and addresses; "from" names and addresses; "cc"

4

names and addresses; "bcc" names and addresses; subject; names of attachments; and attachment count. All images and load files must be named or put in folders in such a manner that all records can be imported without modification of any path or file name information.

13.   These requests impose a continuing obligation on you to furnish all information and documents requested until final disposition of this case. You shall provide, through supplemental responses, such additional documents and/or information as you or any person acting on your behalf may obtain as necessary to correct or update any previous response. Any such supplemental response shall be provided to plaintiffs promptly after additional information is discovered.

14.   Unless stated otherwise, the date range for these requests is January 1, 2021, to the present.

## DEFINITIONS

1.   "Document," whether singular or plural, is used in the broadest sense to mean anything that might be considered to be a document or tangible thing within the meaning of Federal Rule of Civil Procedure 34. This definition includes, but is not limited to, each and every writing of whatever nature, and shall mean the original and any draft or copy that differs in any way from the original in any written or graphic matter, however produced or reproduced, and shall mean, without limitation, each and every tangible thing from which information can be processed or transcribed from disk, diskette, compact disc, tape, or any other electronic media or data computations. The term

includes, but is not limited to, communications, letters, emails, and any attachments, messages, facsimile transmissions, telegrams, telex messages, reports, books, agreements, correspondence, contracts, financial statements, instruments, ledgers, journals, accountings, minutes of meetings, payrolls, studies, calendar and diary entries, notes charts, schedules, tabulations, maps, work papers, brochures, evaluations, memoranda of telephone conversations, audio and video tape recordings, internal communications, bills, tapes, computer printouts, drawings, designs, diagrams, exhibits, photographs, data, spreadsheets, and any marginal comments appearing on any document and copies of documents that are not identical duplicates of the originals (*e.g.*, because handwritten or "blind copy" notes or notations appear thereon or are attached thereto). The term "document(s)" includes the defined term "Electronically Stored Information," which is defined below. The term "document" specifically seeks the production of Electronically Stored Information in native format.

    2.    "Electronically Stored Information" or "ESI" includes, but is not limited to, any and all electronic data or information stored on a computing device and/or electronic platform. Information and data is considered "electronic" if it exists in a medium that can only be read through the use of computing device. This term includes but is not limited to databases; all text file and word processing documents (including metadata); presentation documents, data, spreadsheets; graphics, animations, and images (including but not limited to JPG, GIF, BMP, PDF, PPT, and TIFF files); email, email strings, and instant messages (including attachments, logs of email history and

6

usage, header information and "deleted" files) and any real-time text, audio, picture, or video transmissions through the internet as well as any text, audio, picture, or video transmissions between mobile phones and/or fixed or portable devices, including server, network, desktop, laptop, or tablet computers whether private or public; email attachments; calendar and scheduling information; cache memory; Internet history files and preferences; audio; video, audiovisual recordings; voicemail stored on databases; ne works; computers and computer systems; computer system activity logs; servers; archives; back-up or disaster recovery systems; hard drives; discs; CDs; diskettes; r movable drives; tapes; cartridges and other storage media; printers; scanners; personal digital assistants; computer calendars; handheld wireless devices; cellular telephones; pagers; fax machines; and voicemail systems. This term includes but is not limited to onscreen information, system data, archival data, legacy data, residual data, and metadata that may not be readily viewable or accessible, and all file fragments and backup files.

3. "Communication(s)" means any transfer of information of any type, whether written, oral, electronic, or otherwise, and includes transfer of information via email (whether from an official or personal account), email attachment, phone, voicemail message, any other recorded conversation, text message, social media message, message on any internet or phone app (whether on a publicly paid or personal device), letter, postcard, fax, written memorandum, note, summary, complaint, and any other means.

7

4. "Relating to" includes, and is not limited to, referring to, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), as the context makes appropriate.

5. "MIPS" means the Merit-based Incentive Payment System.

6. "Person" means any natural or artificial person, including clinicians, corporations, associations, or any individual or entity that participates in the MIPS program.

7. "Anti-racism plan" is the clinical practice improvement activity that was created on November 19, 2021, is entitled "Create and Implement an Anti-Racism Plan," and published at 86 Fed. Reg. at 65,969-70.

8. "Clinical practice improvement activity" bears the same meaning as in 42 U.S.C. §1395w-4(q)(2)(C)(v)(III).

## REQUESTS FOR PRODUCTION

1. All documents or communications relating to your creation or implementation of an anti-racism plan as a clinical practice improvement activity for MIPS performance years 2022 and 2023.

**RESPONSE:**

8

| | |
|---|---|
| Dated: April 23, 2024 | Respectfully submitted, |
| *s/ Justin L. Matheny* | *s/ Cameron T. Norris* |
| Justin L. Matheny (MS Bar No. 100754) | Cameron T. Norris* |
|   *Deputy Solicitor General* | C'Zar D. Bernstein* |
| MISSISSIPPI ATTORNEY GENERAL'S OFFICE | CONSOVOY MCCARTHY PLLC |
| P.O. Box 220 | 1600 Wilson Blvd., Ste. 700 |
| Jackson, MS 39205-0220 | Arlington, VA 22209 |
| (601) 359-3680 | (703) 243-9423 |
| justin.matheny@ago.ms.gov | cam@consovoymccarthy.com |
| | czar@consovoymccarthy.com |
| *Counsel for Mississippi, Alabama, Arkansas, Kentucky, Louisiana, Missouri, and Montana* | *Counsel for Mississippi*<br><br>* pro hac vice |

9