# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| STATE OF MISSISSIPPI; STATE OF ALABAMA; STATE OF ARKANSAS; COMMONWEALTH OF KENTUCKY; STATE OF LOUISIANA; STATE OF MISSOURI; and STATE OF MONTANA,<br>*Plaintiffs*,<br>v.<br><br>XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services; THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; CHIQUITA BROOKS-LASURE, in her official capacity as Administrator of the Centers for Medicare and Medicaid Services; THE CENTERS FOR MEDICARE AND MEDICAID SERVICES; THE UNITED STATES OF AMERICA,<br>*Defendants*. | Case No. 1:22-cv-113-HSO-RPM |

## AGREED PROTECTIVE ORDER

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, the parties file this Agreed Protective Order ("Order") to preserve the confidentiality of certain information that a party or non-party contends contains private, commercially sensitive, confidential, or proprietary information that has been or will be requested and produced in discovery (including third-party discovery) in this matter. The parties agree that a protective order concerning discovery material is necessary to protect the integrity of this information, the rights of each of the parties, and the rights of certain third parties.

It is therefore AGREED and ORDERED that:

1. For purposes of this Order, the term "Discovery Material" means all written, recorded, computerized, or graphic material or information and things, as defined or contemplated by Rule 26 of the Federal Rules of Civil Procedure, whether produced or created by a party or another person, and whether produced pursuant to the Rules of Civil Procedure, subpoena, by agreement, or otherwise. Discovery material also includes answers to interrogatories, responses to requests for admission, and deposition transcripts and exhibits.

2. The parties and third parties have the right to designate as "Confidential" any Discovery Material in this action that the responding party believes in good faith contains (1) nonpublic and sensitive personal information of individual persons, trade secrets, confidential research, development, commercial or financial information; (2) Protected Health Information, Patient Identifying Information, or information governed by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and the regulations promulgated thereunder at 45 CFR § 160.103;[1] or (3) any other proprietary, confidential, or competitively sensitive business information ("Confidential Discovery Material").

3. Confidential Discovery Material produced in this case, and copies thereof, and the information contained therein, shall be made available to and inspected by the following persons only:

    a. Counsel of record, their employees, and their agents who are working on this specific case;

    b. Employees of third-party contractors or vendors hired by a party or by counsel to perform information management in conjunction with this litigation;

---

[1] This Protective Order shall serve as a qualified protective order under HIPAA and its implementing regulations and shall serve as an order allowing covered entities to produce un-redacted documents and records requested in this action.

    c.  In-house counsel who represent a corporate party or agency counsel who represent a government party, and who will be participating and providing legal advice in this litigation;

    d.  Expert witnesses and consultants, and their employees, who are directly employed or retained in connection with this action by counsel or by the parties to the extent that such disclosure is necessary for the prosecution or defense of this case and as long as the materials are used exclusively for this case;

    e.  The parties themselves, provided, however, that the parties may not reveal the Confidential Discovery Material to anyone that is not listed in this Order as someone who may have access to Confidential Discovery Material;

    f.  Testifying witnesses or deponents, and their counsel, except that such persons may only be shown copies of the Confidential Discovery Material in preparation for and during their testimony in depositions, hearings, or trial, and may not retain them; and

    g.  The Court, Court personnel (including court reporters and persons operating video recording equipment at proceedings in this action), and jurors.

  4.  Confidential Discovery Material, including all copies and information obtained from such Confidential Discovery Material, shall, subject to the provisions hereof, be used by the person receiving it only in connection with prosecuting or defending persons or entities named in this action and in connection with this action only.  Confidential Discovery Material shall not be used for any business, competitive, or other purpose, and shall not be disclosed to any person or entity, except as provided herein.  Confidential Discovery Material shall not be used in any other litigation.

5. The parties, or third parties responding to a valid discovery request, shall designate Confidential Discovery Material as follows:

   a. In the case of documents, things, interrogatory answers, responses to requests for admissions and information contained therein, designation shall be made by stamping or otherwise marking the legend "Confidential" at the time of production. Inadvertent failure to designate a document as "Confidential" at the time of production may be corrected by supplemental written notice given as soon as practical. Provided, however, that the disclosure of such document by any other party prior to such later designation shall not be deemed a violation of this Order.

   b. Deposition testimony and exhibits may be designated "Confidential" Information either by: (a) stating on the record of the deposition that such deposition, or portion thereof, or exhibit is confidential; or (b) stating in writing served upon counsel of record within twenty (20) days after receipt of the deposition transcript that such deposition, or portion thereof, or exhibit is Confidential.

   c. Transcripts of depositions will not be filed with the Court unless it is necessary to do so for the purposes of trial or for motions to the Court. If a deposition transcript containing Confidential Discovery Material is filed, the entire transcript shall bear the appropriate legend on the caption page.

6. The persons described in paragraphs 3(b), 3(d), 3(e) and 3(f) shall have access to Confidential Discovery Material only after they have been provided a copy of this Order.

7. Each individual who receives any Confidential Discovery Material hereby agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceeding related to the performance under, compliance with, or violation of this Order.

8. In the event that a party receiving material designated as Confidential disagrees with such designation, that party shall serve a written notice of objection on the party designating the material. These parties shall then attempt in good faith to resolve the dispute. If it is necessary to file a motion for de-designation, the party disagreeing with the designation shall have the burden of filing a motion with the Court as permitted. Any such material shall be treated as Confidential until such time as the Court enters an order. Nothing in this Order shall shift the burden of proof as to the confidentiality of the documents or the opposing party's entitlement to them. Any objection with regard to the designation placed on any document must be raised within six months of production of the document.

9. Nothing herein shall prevent disclosure of Confidential Discovery Material beyond the terms of this Order if the person or entity designating the material as "Confidential" specifically consents in advance in writing to any such disclosure, or if the Court, after notice to all parties, orders such disclosure. Any request to seal Confidential Discovery Material if offered as part of the record in this case must be made in accordance with Local Rule 79. Pursuant to Local Rule 26(g): This protective order is not a judicial determination that any specific document or information designated by a party as confidential is subject to sealing under L.U. CIV. R. 79 or otherwise. In order for any document or information to be filed under seal, a party must first file a motion to file the document or information under seal in accordance with the procedure set forth in L.U. CIV. R. 79.

10. In the event that any party receives a third-party subpoena or other form of legal process in any action or proceeding requesting Confidential Discovery Material produced in this case, the party receiving such request will provide counsel for the party or parties who originally produced the Confidential Discovery Material written notice by electronic mail, facsimile, or hand

delivery that such a request was received and provide a copy of the request with the written notice prior to producing the requested information.

11.     Neither the taking of any action in accordance with the provisions of this Order, nor the failure to object thereto, shall be construed as a waiver of any claim, defense, or objection in this action, including but not limited to any claim of privilege or objection as to the admissibility of any document.

12.     At the conclusion of this action, including all appeals and remands, all Confidential Discovery Material, including all copies, extracts, and summaries, and all documents containing information taken therefrom, shall be destroyed by the receiving party or returned to the producing party, except that attorneys for the parties shall be entitled to retain all litigation documents, including exhibits and their own memoranda, containing Confidential Discovery Material. Such litigation documents and memoranda shall be used only for the purpose of preserving files on this action, and shall not, without the written permission of the designating party or an order of the Court, be disclosed to anyone other than those to whom such information was actually disclosed, in accordance with this Order, during the course of *Mississippi v. Becerra*. For purposes of this paragraph, "destroyed" shall not mean that Confidential Discovery Material that exist on back-up tapes, systems, or similar storage need be immediately deleted or destroyed; instead, such materials shall be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the receiving party will make no effort to retrieve Confidential Discovery Material from such storage system, except as necessary to conduct routine IT and cybersecurity functions.  The receiving party shall not use any Confidential Discovery Material in any other litigation.

13. Nothing in this Order shall prevent any party or other person from seeking modification of this Order by the Court or from objecting to discovery that it believes to be otherwise improper.

14. Counsel of record for the party requesting Confidential Discovery Material is responsible for employing reasonable measures to control, consistent with this Order, duplication of, access to, and distribution of copies of Confidential Discovery Material. Parties shall not duplicate any Confidential Discovery Material except working copies, copies provided to any individuals listed in paragraph 3, copies for use as deposition exhibits as contemplated herein, and copies for filing with the Court.

15. The inadvertent or unintentional production by a producing party of any privileged or otherwise protected information shall not be deemed a waiver or an impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege and the protection afforded by the attorney work-product doctrine. Upon receiving notice from a producing party that privileged information has been inadvertently produced, all such privileged information, including copies or summaries thereof, shall be returned to the producing party within ten (10) days. A party that returns privileged information after receipt of notice may retain non-substantive information not claimed to be privileged that is sufficient to identify the document or other information that it returns. This paragraph shall not prejudice the right of any party to challenge a producing party's claim that information is privileged on any grounds other than the inadvertent or unintentional production of such information.

16. In order to permit discovery to proceed without further delay, the parties agree that this Order shall be effective with respect to all discovery in this matter, including materials produced at any time after the commencement of this case.

17. This Order may be modified only in writing, with notice to all of the parties, and with consent of this Court.

SO ORDERED, this _____ day of _____, 2024.

_____
U.S. MAGISTRATE JUDGE

**SUBMITTED FOR ENTRY:**

Dated: June 12, 2024

s/ Justin L. Matheny
Justin L. Matheny (MS Bar No. 100754)
  *Deputy Solicitor General*
MISSISSIPPI ATTORNEY
GENERAL'S OFFICE
P.O. Box 220
Jackson, MS 39205-0220
(601) 359-3680
justin.matheny@ago.ms.gov

*Counsel for Plaintiffs*

s/ Brian Rosen-Shaud
Brian C. Rosen-Shaud
Alexander W. Resar
Trial Attorneys
UNITED STATES
DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. Box 883
Washington, DC 20044
(202) 305-7667
brian.c.rosen-shaud@usdoj.gov

*Counsel for Defendants*

Respectfully submitted,

*s/ Cameron T. Norris*
Cameron T. Norris*
C'Zar Bernstein*
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
cam@consovoymccarthy.com

* pro hac vice