# Exhibit 6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| STATE OF MISSISSIPPI, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services, *et al.*,<br><br>    Defendants. | Civil Action No. 1:22-cv-00113-HSO-RPM |

## **DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' REQUESTS FOR ADMISSION**

Pursuant to Federal Rules of Civil Procedure 26 and 36, and pursuant to the court's March 28, 2024 Memorandum Opinion and Order and April 10, 2024 Scheduling Order, Defendants Xavier Becerra, in his official capacity as Secretary of Health and Human Services; the United States Department of Health and Human Services; Chiquita Brooks-LaSure, in her official capacity as Administrator of the Centers for Medicare & Medicaid Services; the Centers for Medicare & Medicaid Services; and the United States of America (collectively, "Defendants"), hereby submit these objections and responses to Plaintiffs' Requests for Admission.

## **OBJECTIONS TO DEFINITIONS**

8.  "Large practice" means any medical practice and/or provider consisting of more than one eligible clinician/person during the MIPS determination period that is not a small practice.

**OBJECTION:** Defendants object to the definition of "large practice" as inconsistent with the practice size definition used by the Centers for Medicare & Medicaid Services (CMS) in collecting clinician data for purposes of MIPS. In CMS performance year reports, practices are defined as groupings of clinicians billing under a practice's Tax Identification Number (TIN) of

2-15 clinicians, 16-99 clinicians, and 100 or more clinicians.  *See, e.g.*, CENTERS FOR MEDICARE AND MEDICAID SERVICES, "2022 Quality Payment Program (QPP) Data Use Guide," *available at*: https://qpp.cms.gov/resources/performance-data#public-data-files-2022.  Adopting Plaintiffs' definition of "large practice" would require Defendants to incur additional burden disproportionate to any evidentiary need in this case by re-classifying, in a less precise manner, the size of the group to which a clinician belongs.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 1:**  Admit that, when the Anti-Racism Rule was promulgated, Defendants expected persons to create and implement anti-racism plans.

**RESPONSE TO REQUEST NO. 1:**

Admit that Defendants expected some persons would likely select the improvement activity MIPS IA_AHE_8 and would create and implement anti-racism plans.  Otherwise deny.

**REQUEST NO. 2:**  Admit that, when the Anti-Racism Rule was promulgated, Defendants expected that persons would use the Disparities Impact Statements when creating and implementing anti-racism plans.

**RESPONSE TO REQUEST NO. 2:**

Deny.  Defendants refer Plaintiffs to the final rule in DEPARTMENT OF HEALTH AND HUMAN SERVICES, "Medicare Program; CY 2022 Payment Policies Under the Physician Fee Schedule and Other Changes to Part B Payment Policies; Medicare Shared Savings Program Requirements; Provider Enrollment Regulation Updates; and Provider and Supplier Prepayment and Post-Payment Medical Review Requirements," 86 Fed. Reg. 64,996, 65,970 (Nov. 19, 2021), in which the MIPS IA_AHE_8 description states:  "Create and implement an anti-racism plan using the CMS Disparities Impact Statement *or other anti-racism planning tools*."  (Emphasis added).

**REQUEST NO. 3:**  Admit that Defendants encouraged and/or encourage persons to create and implement anti-racism plans.

**RESPONSE TO REQUEST NO. 3:**

Admit to the extent that Defendants encourage clinicians to review the full list of clinical practice improvement activities and select which improvement activities their practice wants to complete, if any.  Defendants further admit that they issued materials that discussed all new improvement activities for performance year 2022.  Otherwise deny.

**REQUEST NO. 4:**  Admit that Defendants encouraged and/or encourage persons to use Disparities Impact Statements when creating and implementing anti-racism plans.

**RESPONSE TO REQUEST NO. 4:**

Deny.  Defendants refer Plaintiffs to the final rule in DEPARTMENT OF HEALTH AND HUMAN SERVICES, "Medicare Program; CY 2022 Payment Policies Under the Physician Fee Schedule and Other Changes to Part B Payment Policies; Medicare Shared Savings Program Requirements; Provider Enrollment Regulation Updates; and Provider and Supplier Prepayment and Post-Payment Medical Review Requirements," 86 Fed. Reg. 64,996, 65,970 (Nov. 19, 2021), in which the MIPS IA_AHE_8 description states:  "Create and implement an anti-racism plan using the CMS Disparities Impact Statement *or other anti-racism planning tools*." (Emphasis added).

**REQUEST NO. 5:**  Admit that the Anti-Racism Rule incentivizes persons to create and implement anti-racism plans.

**RESPONSE TO REQUEST NO. 5:**

Admit that the Merit-based Incentive Payment System (MIPS) incentivizes eligible clinicians to meet a series of requirements that includes completing clinical practice improvement activities, and MIPS IA_AHE_8 is an available activity from the inventory of activities from which to choose.  Otherwise deny.

**REQUEST NO. 6:**  Admit that persons can create and implement anti-racism plans that, among other things, identify priority populations by race or ethnicity.

3

**OBJECTIONS TO REQUEST NO. 6:**

Defendants object because "can" and "among other things" are vague and ambiguous terms.

Defendants further object based on relevance. To the extent "can" means "to be able to do something," *see* CAN, Black's Law Dictionary (11th ed. 2019) (definition 1), persons are "able to" create anti-racism plans that do any number of things, which has no bearing on whether such plans appropriately implement the anti-racism plan clinical practice improvement activity.

Defendants further object as calling for legal conclusions and application of law to fact without specifying the relevant legal principles to be applied. To the extent "can" means "to have permission (as often interpreted by courts)," CAN, Black's Law Dictionary (11th ed. 2019) (definition 2), Defendants require additional information regarding the relevant legal "permission (as often interpreted by courts)."

**RESPONSE TO REQUEST NO. 6:**

In light of these objections, Defendants are unable to either admit or deny this request.

> **REQUEST NO. 7:** Admit that persons have used the Disparities Impact Statement to create and implement anti-racism plans for performance years 2022 and/or 2023.

**RESPONSE TO REQUEST NO. 7:**

After making reasonable inquiry and determining that the information Defendants know or can readily obtain is insufficient to enable Defendants to admit or deny this request for admission, Defendants state that they lack knowledge or information sufficient to truthfully admit or deny, and on this basis, deny.

> **REQUEST NO. 8:** Admit that large practices have created and implemented an anti-racism plan in Alabama, Arkansas, Kentucky, Louisiana, Mississippi, Missouri, and/or Montana for performance years 2022 and/or 2023.

**RESPONSE TO REQUEST NO. 8:**

For performance year 2022, Defendants admit that at least one practice of more than 15 clinicians attested to creating and implementing an anti-racism plan in Alabama, Arkansas, Kentucky, Louisiana, and Missouri. For performance year 2022, Defendants deny that any practices of more than 15 clinicians attested to creating and implementing an anti-racism plan in Mississippi or Montana.

For performance year 2023, Defendants admit that at least one practice of more than 15 clinicians attested to creating and implementing an anti-racism plan in Alabama, Kentucky, Louisiana, and Missouri. For performance year 2023, Defendants deny that any practices of more than 15 clinicians attested to creating and implementing an anti-racism plan in Arkansas, Mississippi, or Montana.

>**REQUEST NO. 9:** Admit that at least one person in Alabama, Arkansas, Kentucky, Louisiana, Mississippi, Missouri, and/or Montana created and implemented an anti-racism plan in performance year 2022 and/or performance year 2023.

**RESPONSE TO REQUEST NO. 9:**

For performance year 2022, Defendants admit that at least one person attested to creating and implementing an anti-racism plan in Alabama, Arkansas, Kentucky, Louisiana, Mississippi, and Missouri. For performance year 2022, Defendants deny that at least one person attested to creating and implementing an anti-racism plan in Montana.

For performance year 2023, Defendants admit that at least one person attested to creating and implementing an anti-racism plan in Alabama, Arkansas, Kentucky, Louisiana, Mississippi, and Missouri. For performance year 2023, Defendants deny that at least one person attested to creating and implementing an anti-racism plan in Montana.

Dated:  May 29, 2024                           Respectfully submitted,

                                               BRIAN M. BOYNTON
                                               Principal Deputy Assistant Attorney General
                                               Civil Division

                                               MICHELLE BENNETT
                                               Assistant Director, Federal Programs Branch

                                               */s/ Alexander W. Resar*
                                               BRIAN C. ROSEN-SHAUD
                                               ALEXANDER W. RESAR
                                               Trial Attorneys
                                               United States Department of Justice
                                               Civil Division, Federal Programs Branch
                                               P.O. Box 883
                                               Washington, DC 20044
                                               Phone: (202) 616-8188
                                               Email: alexander.w.resar@usdoj.gov

                                               *Counsel for Defendants*