# Exhibit 7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| STATE OF MISSISSIPPI, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services, *et al.*,<br><br>    Defendants. | Civil Action No. 1:22-cv-00113-HSO-RPM |

**DEFENDANTS' AMENDED RESPONSES TO PLAINTIFFS' REQUESTS FOR ADMISSION**

Pursuant to Federal Rules of Civil Procedure 26 and 36, and pursuant to the court's March 28, 2024 Memorandum Opinion and Order and April 10, 2024 Scheduling Order, Defendants Xavier Becerra, in his official capacity as Secretary of Health and Human Services; the United States Department of Health and Human Services; Chiquita Brooks-LaSure, in her official capacity as Administrator of the Centers for Medicare & Medicaid Services; the Centers for Medicare & Medicaid Services; and the United States of America (collectively, "Defendants"), hereby submit the following amended objections and responses to Plaintiffs' Requests for Admission. Defendants amend only those responses to the Requests for Admission included herein.

**OBJECTIONS TO DEFINITIONS**

8.      "Large practice" means any medical practice and/or provider consisting of more than one eligible clinician/person during the MIPS determination period that is not a small practice.

**OBJECTION:** Defendants object to the definition of "large practice" as inconsistent with the practice size definition used by the Centers for Medicare & Medicaid Services (CMS) in collecting clinician data for purposes of MIPS. In CMS performance year reports, practices are

defined as groupings of clinicians billing under a practice's Tax Identification Number (TIN) of 2-15 clinicians, 16-99 clinicians, and 100 or more clinicians.  *See, e.g.*, CENTERS FOR MEDICARE AND MEDICAID SERVICES, "2022 Quality Payment Program (QPP) Data Use Guide," *available at*: https://qpp.cms.gov/resources/performance-data#public-data-files-2022.  Adopting Plaintiffs' definition of "large practice" would require Defendants to incur additional burden disproportionate to any evidentiary need in this case by re-classifying, in a less precise manner, the size of the group to which a clinician belongs.

### SPECIFIC AMENDED OBJECTIONS AND RESPONSES

**REQUEST NO. 6:**  Admit that persons can create and implement anti-racism plans that, among other things, identify priority populations by race or ethnicity.

**OBJECTIONS TO REQUEST NO. 6:**

Defendants object because "can" and "among other things" are vague and ambiguous terms.

Defendants further object based on relevance.  To the extent "can" means "to be able to do something," *see* CAN, Black's Law Dictionary (11th ed. 2019) (definition 1), persons are "able to" create anti-racism plans that do any number of things, which has no bearing on whether such plans appropriately implement the anti-racism plan clinical practice improvement activity.

Defendants further object as calling for legal conclusions and application of law to fact without specifying the relevant legal principles to be applied.  To the extent "can" means "to have permission (as often interpreted by courts)," CAN, Black's Law Dictionary (11th ed. 2019) (definition 2), Defendants require additional information regarding the relevant legal "permission (as often interpreted by courts)."

**AMENDED RESPONSE TO REQUEST NO. 6:**

Admit that a valid anti-racism plan under what Plaintiffs refer to as the Anti-Racism Rule could include the identification of a health disparity that affects individuals of a particular race or ethnicity.  Further admit that addressing disparities experienced by some individuals or some populations does not mean discriminating against or lessening treatment afforded to other individuals or populations.  Otherwise deny.

> **REQUEST NO. 8:**  Admit that large practices have created and implemented an anti-racism plan in Alabama, Arkansas, Kentucky, Louisiana, Mississippi, Missouri, and/or Montana for performance years 2022 and/or 2023.

**AMENDED RESPONSE TO REQUEST NO. 8:**

For performance year 2022, Defendants admit that at least one practice of more than 15 clinicians attested to creating and implementing an anti-racism plan in Alabama, Arkansas, Kentucky, Louisiana, and Missouri.  For performance year 2022, Defendants deny that any practice of more than 15 clinicians attested to creating and implementing an anti-racism plan in Mississippi or Montana.

For performance year 2023, Defendants deny that any practice of more than 15 clinicians attested to creating and implementing an anti-racism plan in Alabama, Arkansas, Kentucky, Louisiana, Mississippi, Missouri, or Montana.

| Dated:  July 18, 2024 | Respectfully submitted, |
|---|---|
| | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General<br>Civil Division |
| | MICHELLE BENNETT<br>Assistant Director, Federal Programs Branch |
| | */s/ Alexander W. Resar*<br>BRIAN C. ROSEN-SHAUD<br>ALEXANDER W. RESAR<br>Trial Attorneys<br>United States Department of Justice<br>Civil Division, Federal Programs Branch |

P.O. Box 883
Washington, DC 20044
Phone: (202) 616-8188
Email: alexander.w.resar@usdoj.gov

*Counsel for Defendants*

4