IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| STATE OF MISSISSIPPI; STATE OF ALABAMA; STATE OF ARKANSAS; COMMONWEALTH OF KENTUCKY; STATE OF LOUISIANA; STATE OF MISSOURI; and STATE OF MONTANA,<br><br>*Plaintiffs*,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services; THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; CHIQUITA BROOKS-LASURE, in her official capacity as Administrator of the Centers for Medicare and Medicaid Services; THE CENTERS FOR MEDICARE AND MEDICAID SERVICES; THE UNITED STATES OF AMERICA,<br><br>*Defendants*. | Case No. 1:22-cv-113-HSO-RPM |

## DECLARATION OF JAMES BRADER

I, James Brader, declare and state as follows under 28 U.S.C. §1746:

1. I am over the age of eighteen and under no mental disability or impairment.

2. I am Chief Counsel with the Office of Chief Counsel, Arkansas Department of Human Services. In that capacity, I oversee all legal operations for the agency, including litigation, regulatory and compliance issues, and day-to-day legal advice to staff and programs.

3. I am aware of the final rule promulgated by the Centers for Medicare & Medicaid Services that is the subject of this litigation. The rule created a new clinical practice improvement activity for eligible health care professionals titled "Create and Implement an Anti-Racism Plan."

4. I understand that clinicians in Arkansas have attested to creating and implementing anti-racism plans under the rule.

5. The rule says that those plans must involve a "clinic-wide review of existing tools and policies, such as value statements or clinical practice guidelines, to ensure that they include and are aligned with a commitment to anti-racism and an understanding of race as a political and social

construct, not a physiological one." Anti-racism plans must include "target goals and milestones for addressing" priorities. To that end, clinicians must "[c]reate and implement an anti-racism plan using the CMS Disparities Impact Statement or other anti-racism planning tools."

6. I have also reviewed the CMS Disparities Impact Statement. The document begins by affirming that the "tool can be used by all health care stakeholders for racial and ethnic minorities" and other minority groups. Clinicians must "[i]dentify ... priority populations." The document tells clinicians that "[s]tratifying measures and health outcomes by race and ethnicity can help you get started." Clinicians must write "[w]hat population(s) [they] will ... prioritize."

7. The Anti-Racism Rule therefore incentivizes clinicians in Arkansas to prioritize by race or ethnicity.

8. Arkansas law prohibits racial discrimination in the provision of health care. *See* Ark. Code Ann. §16-123-101 *et seq*. In Arkansas, a place of public accommodation is "any place ... or other establishment, either licensed or unlicensed, that supplies accommodations, goods, or services to the general public, or that solicits or accepts the patronage or trade of the general public, or that is supported directly or indirectly by government funds." §16-123-102(11). Arkansas protects as "a civil right" the right "to be free from discrimination because of race," and includes "[t]he right to the full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public ... accommodation." §16-123-107(a)-(b). Arkansas recognizes a cause of action for intentional violations of that right "to recover compensatory and punitive damages" and "to enjoin further violations." §16-123-107(b).

9. Medical professionals are not exempt from these anti-discrimination laws. Medical practices and professionals provide medical "services to the general public." §16-123-102(11). Patients therefore have a right "to the full enjoyment" of the medical "accommodations, advantages, facilities, or privileges" that medical practices and professionals provide to the public without respect to race. §16-123-107(a)-(b). These laws are alive and well and therefore operate to protect patients from discriminatory conduct.

10. Creating and implementing an anti-racism plan, as conceived by the Rule and in the CMS Disparities Impact Statement, violates Arkansas' anti-discrimination laws. It is not lawful in Arkansas to prioritize patient populations based on race or ethnicity. Race or ethnicity should not be considered in medical practice except when physiologically relevant.

11. The Anti-Racism Rule therefore frustrates the continued enforceability of Arkansas' anti-discrimination laws. But for the Rule—a federal regulation that authorizes these anti-racism plans—Arkansas' laws would be enforceable against such plans.

Per 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on October 14, 2024

/s/ *James Brader*
James Brader
Chief Counsel
Ark. Department of Human Services

**STATE OF ARKANSAS** )
) ss.
**COUNTY OF PULASKI** )

WITNESS MY HAND AND SEAL this 14th day of October, 2024.

*Delisa Rader*
NOTARY PUBLIC

MY COMMISSION EXPIRES: 2-11-2029