IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| STATE OF MISSISSIPPI; STATE OF ALABAMA; STATE OF ARKANSAS; COMMONWEALTH OF KENTUCKY; STATE OF LOUISIANA; STATE OF MISSOURI; and STATE OF MONTANA,<br>*Plaintiffs*,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services; THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; CHIQUITA BROOKS-LASURE, in her official capacity as Administrator of the Centers for Medicare and Medicaid Services; THE CENTERS FOR MEDICARE AND MEDICAID SERVICES; THE UNITED STATES OF AMERICA,<br>*Defendants*. | Case No. 1:22-cv-113-HSO-RPM |

**DECLARATION OF CALEB RUTLEDGE**

I, Caleb Rutledge, declare and state as follows under 28 U.S.C. § 1746:

1. I am over the age of eighteen and under no mental disability or impairment.

2. I am an Assistant Attorney General in the Office of the Attorney General for the State of Missouri. In that capacity, I review and research state and federal law, and compile information and documents for civil discovery. I also advise and consult on the proper interpretation of state laws. I am authorized to declare the State's interpretation of the laws referred to below.

3. I am aware of the final rule promulgated by the Centers for Medicare & Medicaid Services that is the subject of this litigation. The rule created a new clinical practice improvement activity for eligible health care professionals titled "Create and Implement an Anti-Racism Plan."

4. I understand that clinicians in Missouri have attested to creating and implementing anti-racism plans under the rule.

5. The rule says that those plans must involve a "clinic-wide review of existing tools and policies, such as value statements or clinical practice guidelines, to ensure that they include and are

aligned with a commitment to anti-racism and an understanding of race as a political and social construct, not a physiological one." Anti-racism plans must include "target goals and milestones for addressing" priorities. To that end, clinicians must "[c]reate and implement an anti-racism plan using the CMS Disparities Impact Statement or other anti-racism planning tools."

6. I have also reviewed the CMS Disparities Impact Statement. The document begins by affirming that the "tool can be used by all health care stakeholders for racial and ethnic minorities" and other minority groups. p. 1. Clinicians must "[i]dentify … priority populations." *Id.* The document tells clinicians that "[s]tratifying measures and health outcomes by race and ethnicity can help you get started." p. 2. Clinicians must write "[w]hat population(s) [they] will … prioritize." *Id.*

7. The Anti-Racism Rule therefore incentivizes clinicians in Missouri to prioritize by race or ethnicity.

8. Missouri law prohibits racial discrimination in the provision of health care. *See, e.g.*, Mo. Ann. Stat. § 213.010 *et seq.* In Missouri, places of public accommodation include "all places or businesses offering or holding out to the general public, goods, services, privileges, facilities, advantages or accommodations for the peace, comfort, health, welfare and safety of the general public." § 213.010(16). Missouri protects the "free and equal use and enjoyment … of any place of public accommodation … without discrimination or segregation because of race." § 213.065(1). "It is an unlawful discriminatory practice for any person, directly or indirectly, to refuse, withhold from or deny any other person, or to attempt to refuse, withhold from or deny any other person, any of the accommodations, advantages, facilities, services, or privileges made available in any place of public accommodation … or to segregate or discriminate against any such person in the use thereof because of race." § 213.065(2); *see also* Mo. Code Regs. Ann. tit. 19, § 10-2.010 (civil rights compliance requirements for health service providers).

9. Medical professionals are not exempt from these anti-discrimination laws. Medical practices and professionals provide medical "services, privileges, facilities, advantages or accommodations … to the general public." Mo. Ann. Stat. § 213.010(16). Patients therefore have a right to the "free and equal use and enjoyment" of the medical "facilities, services, or privileges" that

medical practices and professionals provide without respect to race. § 213.065(1)-(2). These laws are alive and well and therefore operate to protect patients from discriminatory conduct.

10. Creating and implementing an anti-racism plan, as conceived by the Rule and in the CMS Disparities Impact Statement, violates Missouri's anti-discrimination laws. It is not lawful in Missouri to prioritize patient populations based on race or ethnicity. Race or ethnicity should not be considered in medical practice except when physiologically relevant.

11. The Anti-Racism Rule therefore frustrates the continued enforceability of Missouri's anti-discrimination laws. But for the Rule—a federal regulation that authorizes these anti-racism plans—Missouri's laws would be enforceable against such plans.

Per 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on October 14, 2024

                */s/ Caleb Rutledge*
                Caleb Rutledge
                Assistant Attorney General