IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| STATE OF MISSISSIPPI; STATE OF ALABAMA; STATE OF ARKANSAS; COMMONWEALTH OF KENTUCKY; STATE OF LOUISIANA; STATE OF MISSOURI; and STATE OF MONTANA,<br><br>*Plaintiffs*,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services; THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; CHIQUITA BROOKS-LASURE, in her official capacity as Administrator of the Centers for Medicare and Medicaid Services; THE CENTERS FOR MEDICARE AND MEDICAID SERVICES; THE UNITED STATES OF AMERICA,<br><br>*Defendants*. | Case No. 1:22-cv-113-HSO-RPM |

### DECLARATION OF WHITNEY H. LIPSCOMB

I, Whitney H. Lipscomb, declare and state as follows under 28 U.S.C. §1746:

1. I am over the age of eighteen and under no mental disability or impairment.

2. I am a Deputy Attorney General for the State of Mississippi. In this capacity, I "perform any duties and[/or] powers conferred on the Attorney General and [] serve in h[er] place and stead on any nonconstitutional board or commission for a particular meeting." Miss. Code Ann. § 7-5-3.

3. I am aware of the final rule promulgated by the Centers for Medicare & Medicaid Services that is the subject of this litigation. The rule created a new clinical practice improvement activity for eligible health care professionals titled "Create and Implement an Anti-Racism Plan."

4. I understand that clinicians in Mississippi have attested to creating and implementing anti-racism plans under the rule.

5. The rule says that those plans must involve a "clinic-wide review of existing tools and policies, such as value statements or clinical practice guidelines, to ensure that they include and are

aligned with a commitment to anti-racism and an understanding of race as a political and social construct, not a physiological one." Anti-racism plans must include "target goals and milestones for addressing" priorities. To that end, clinicians must "[c]reate and implement an anti-racism plan using the CMS Disparities Impact Statement or other anti-racism planning tools."

6. I have also reviewed the CMS Disparities Impact Statement. The document begins by affirming that the "tool can be used by all health care stakeholders for racial and ethnic minorities" and other minority groups. Clinicians must "[i]dentify … priority populations." The document tells clinicians that "[s]tratifying measures and health outcomes by race and ethnicity can help you get started." Clinicians must write "[w]hat population(s) [they] will … prioritize."

7. The Anti-Racism Rule therefore incentivizes clinicians in Mississippi to prioritize by race or ethnicity.

8. Mississippi regulations prohibit racially discriminatory practices related to healthcare. *See* 15 Code Miss. R. Pt. 16, Subpt. 1, Ch. 4, R. 4.15.5 (licensed rehabilitation facility cannot deprive clients "of civil or legal rights" or subject them "to discrimination on the basis of race"); Ch. 46, R. 46.31.1(8) ("No person shall be refused service because of … race" in home health agencies); Ch. 1, R. 1.19.9(3) ("The hospice shall insure that the patient has the right to … [r]eceive appropriate and compassionate care, regardless of … race"); Ch. 40, R. 40.21.2(1) ("The [psychiatric hospital] shall have written policies and procedures that describe the rights of patients," including the "impartial access to treatment, regardless of race."); Ch. 51, R. 51.29.2(1) ("The [psychiatric treatment] facility shall have written policies and procedures that describe the rights of patients and the means by which these rights are protected and exercised. These rights shall include … impartial access to treatment, regardless of race."); Pt. 19, Subpt. 60, Ch. 10, R.10.8.1(9) (providing for "disciplinary sanctions" against certain licensees for "[m]aking differential, detrimental treatment against any person because of race"); Ch. 8, R. 8.8.1(9) (similar); 24 Code Miss. R. Pt. 3, R. 1.8(A) ("The Department of Mental Health promotes nondiscriminatory practices and procedures in all phases of state service administration, as well as in programs funded and/or certified/operated by the Department of Mental Health."); Pt. 2, R. 10.7(B)(1) ("All agency providers must have policies that include/address … [n]on-

discrimination based on ... race."); R. 16.2(A) ("Written policies and procedures must address admission to services and must at a minimum ... [a]ssure equal access to treatment and services and non-discrimination based on ... race."); Pt. 3, Ch. 18, R. 18.14(D), (G) ("DMH-credentialed individuals do not discriminate against any individual because of race" and "work to eliminate the effect of bias on any service provision, and they do not knowingly participate in or condone discriminatory practices.").

9. Creating and implementing an anti-racism plan, as conceived by the Rule and in the CMS Disparities Impact Statement, violates Mississippi's regulations. Those regulations do not permit Mississippi clinicians or medical professionals to prioritize patient populations based on race or ethnicity. Race or ethnicity should not be considered in medical practice except when physiologically relevant.

10. The Anti-Racism Rule therefore frustrates the continued enforceability of Mississippi's regulations. But for the Rule—a federal regulation that authorizes these anti-racism plans—Mississippi's regulations would be enforceable against such plans.

Per 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on October 15, 2024

*Whitney H. Lipscomb*
Whitney H. Lipscomb
Deputy Attorney General
State of Mississippi

3