# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| STATE OF MISSISSIPPI; STATE OF ALABAMA; STATE OF ARKANSAS; COMMONWEALTH OF KENTUCKY; STATE OF LOUISIANA; STATE OF MISSOURI; and STATE OF MONTANA,<br>*Plaintiffs*,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services; THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; CHIQUITA BROOKS-LASURE, in her official capacity as Administrator of the Centers for Medicare and Medicaid Services; THE CENTERS FOR MEDICARE AND MEDICAID SERVICES; THE UNITED STATES OF AMERICA,<br>*Defendants*. | Case No. 1:22-cv-113-HSO-RPM |

## AMENDED OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION

Below are Plaintiffs' objections and responses to Defendants' first set of RFAs. Plaintiffs' ability to respond to these requests is limited by the fact that they have not yet received responses to their subpoenas to third-party providers or their second batch of discovery to Defendants. Plaintiffs thus reserve the right to update this document once they receive that information.

1

1. **Admit that Mississippi does not have a state anti-discrimination law.**

**Response**: Deny.

2. **Admit that Alabama does not have a state anti-discrimination law.**

**Response**: Deny.

3. **Admit that the State of Mississippi has not taken any enforcement action against a health care provider for racial discrimination since May 1, 2012.**

**Objections**: Plaintiffs object to providing information going back to 2012—ten years before this case was filed, ten years before the challenged rule was promulgated, and across multiple administrations with significant personnel turnover—as not proportional. Plaintiffs object to the undefined term "enforcement action" as vague and not proportional, as it could encompass any number of actions by any number of state entities, universities, hospitals, employers, and more.

**Response**: To the extent "enforcement action" means a lawsuit brought under a public-accommodation statute by the State of Mississippi itself since 2020, admit. Otherwise cannot admit or deny.

4. **Admit that the State of Mississippi has not taken any enforcement action for racial discrimination against any MIPS eligible professional due to an anti-racism plan they completed.**

**Objections**: Plaintiffs object to the undefined term "enforcement action" as vague and not proportional, as it could encompass any number of actions by any number of state entities, universities, hospitals, employers, and more.

**Response**: To the extent "enforcement action" means a lawsuit brought under a public-accommodation statute by the State of Mississippi itself, admit. Otherwise cannot admit or deny.

**5.     Admit that the State of Mississippi has not incurred any increased costs due to MIPS eligible professionals not completing an anti-racism plan.**

**Objections**: Plaintiffs object to the undefined term "costs" as vague and not proportional, as it could encompass any number of negative externalities, including monetary costs, nonmonetary and unquantifiable harms, resource diversions, time, energy, focus, discrimination itself, the costs of inaction, and more.

**Response**: To resolve the parties' dispute over this request, Plaintiffs will not advance a theory of standing based on increased costs incurred from MIPS eligible professionals not completing an anti-racism plan.

**6.     Admit that the State of Alabama has not taken any enforcement action against a health care provider for racial discrimination since May 1, 2012.**

**Objections**: Plaintiffs object to providing information going back to 2012—ten years before this case was filed, ten years before the challenged rule was promulgated, and across multiple administrations with significant personnel turnover—as not proportional. Plaintiffs object to the undefined term "enforcement action" as vague and not proportional, as it could encompass any number of actions by any number of state entities, universities, hospitals, employers, and more.

3

**Response**: To the extent "enforcement action" means a lawsuit brought under a public-accommodation statute by the State of Alabama itself since 2020, admit. Otherwise cannot admit or deny.

7. **Admit that the State of Alabama has not taken any enforcement action for racial discrimination against any MIPS eligible professional due to an anti-racism plan they completed.**

**Objections**: Plaintiffs object to the undefined term "enforcement action" as vague and not proportional, as it could encompass any number of actions by any number of state entities, universities, hospitals, employers, and more.

**Response**: To the extent "enforcement action" means a lawsuit brought under a public-accommodation statute by the State of Alabama itself, admit. Otherwise cannot admit or deny.

8. **Admit that the State of Alabama has not incurred any increased costs due to MIPS eligible professionals not completing an anti-racism plan.**

**Objections**: Plaintiffs object to the undefined term "costs" as vague and not proportional, as it could encompass any number of negative externalities, including monetary costs, nonmonetary and unquantifiable harms, resource diversions, time, energy, focus, discrimination itself, the costs of inaction, and more.

**Response**: To resolve the parties' dispute over this request, Plaintiffs will not advance a theory of standing based on increased costs incurred from MIPS eligible professionals not completing an anti-racism plan.

9. **Admit that the State of Louisiana has not taken any enforcement action against a health care provider for racial discrimination since May 1, 2012.**

4

**Objections**: Plaintiffs object to providing information going back to 2012—ten years before this case was filed, ten years before the challenged rule was promulgated, and across multiple administrations with significant personnel turnover—as not proportional. Plaintiffs object to the undefined term "enforcement action" as vague and not proportional, as it could encompass any number of actions by any number of state entities, universities, hospitals, employers, and more.

**Response**: To the extent "enforcement action" means a lawsuit brought under a public-accommodation statute by the State of Louisiana itself since 2020, admit. However, the Louisiana Board of Medical Examiners has opened several cases with allegations of physician race-based discrimination since May 1, 2012. At least one case is ongoing and active. All details of these cases are confidential and non-public. Otherwise cannot admit or deny.

10. **Admit that the State of Louisiana has not taken any enforcement action for racial discrimination against any MIPS eligible professional due to an anti-racism plan they completed.**

**Objections**: Plaintiffs object to the undefined term "enforcement action" as vague and not proportional, as it could encompass any number of actions by any number of state entities, university, hospitals, employers, and more.

**Response**: To the extent "enforcement action" means a lawsuit brought under a public-accommodation statute by the State of Louisiana itself, admit.

11. **Admit that the State of Louisiana has not incurred any increased costs due to MIPS eligible professionals not completing an anti-racism plan.**

5

**Objections**: Plaintiffs object to the undefined term "costs" as vague and not proportional, as it could encompass any number of negative externalities, including monetary costs, nonmonetary and unquantifiable harms, resource diversions, time, energy, focus, discrimination itself, the costs of inaction, and more.

**Response**: To resolve the parties' dispute over this request, Plaintiffs will not advance a theory of standing based on increased costs incurred from MIPS eligible professionals not completing an anti-racism plan.

**12.**   Admit that the State of Montana has not taken any enforcement action against a health care provider for racial discrimination since May 1, 2012.

**Objections**: Plaintiffs object to providing information going back to 2012—ten years before this case was filed, ten years before the challenged rule was promulgated, and across multiple administrations with significant personnel turnover—as not proportional. Plaintiffs object to the undefined term "enforcement action" as vague and not proportional, as it could encompass any number of actions by any number of state entities, universities, hospitals, employers, and more.

**Response**: Deny.

**13.**   Admit that the State of Montana has not taken any enforcement action for racial discrimination against any MIPS eligible professional due to an anti-racism plan they completed.

**Objections**: Plaintiffs object to the undefined term "enforcement action" as vague and not proportional, as it could encompass any number of actions by any number of state entities, universities, hospitals, employers, and more.

6

**Response**: To the extent "enforcement action" means a lawsuit brought under a public-accommodation statute by the State of Montana itself, admit. Otherwise cannot admit or deny.

**14.     Admit that the State of Montana has not incurred any increased costs due to MIPS eligible professionals not completing an anti-racism plan.**

**Objections**: Plaintiffs object to the undefined term "costs" as vague and not proportional, as it could encompass any number of negative externalities, including monetary costs, nonmonetary and unquantifiable harms, resource diversions, time, energy, focus, discrimination itself, the costs of inaction, and more.

**Response**: To resolve the parties' dispute over this request, Plaintiffs will not advance a theory of standing based on increased costs incurred from MIPS eligible professionals not completing an anti-racism plan.

**15.     Admit that the State of Arkansas has not taken any enforcement action against a health care provider for racial discrimination since May 1, 2012.**

**Objections**: Plaintiffs object to providing information going back to 2012—ten years before this case was filed, ten years before the challenged rule was promulgated, and across multiple administrations with significant personnel turnover—as not proportional. Plaintiffs object to the undefined term "enforcement action" as vague and not proportional, as it could encompass any number of actions by any number of state entities, universities, hospitals, employers, and more.

**Response**: To the extent "enforcement action" means a lawsuit brought under a public-accommodation statute by the State of Arkansas itself since 2020, admit. Otherwise cannot admit or deny.

**16.     Admit that the State of Arkansas has not taken any enforcement action for racial discrimination against any MIPS eligible professional due to an anti-racism plan they completed.**

**Objections**: Plaintiffs object to the undefined term "enforcement action" as vague and not proportional, as it could encompass any number of actions by any number of state entities, universities, hospitals, employers, and more.

**Response**: To the extent "enforcement action" means a lawsuit brought under a public-accommodation statute by the State of Arkansas itself, admit. Otherwise cannot admit or deny.

**17.     Admit that the State of Arkansas has not incurred any increased costs due to MIPS eligible professionals not completing an anti-racism plan.**

**Objections**: Plaintiffs object to the undefined term "costs" as vague and not proportional, as it could encompass any number of negative externalities, including monetary costs, nonmonetary and unquantifiable harms, resource diversions, time, energy, focus, discrimination itself, the costs of inaction, and more.

**Response**: To resolve the parties' dispute over this request, Plaintiffs will not advance a theory of standing based on increased costs incurred from MIPS eligible professionals not completing an anti-racism plan.

**18.** **Admit that the Commonwealth of Kentucky has not taken any enforcement action against a health care provider for racial discrimination since May 1, 2012.**

**Objections**: Plaintiffs object to providing information going back to 2012—ten years before this case was filed, ten years before the challenged rule was promulgated, and across multiple administrations with significant personnel turnover—as not proportional. Plaintiffs object to the undefined term "enforcement action" as vague and not proportional, as it could encompass any number of actions by any number of state entities, universities, hospitals, employers, and more.

**Response**: To the extent "enforcement action" means a lawsuit brought under a public-accommodation statute by the Commonwealth of Kentucky itself since 2020, admit. Otherwise cannot admit or deny.

**19.** **Admit that the Commonwealth of Kentucky has not taken any enforcement action for racial discrimination against any MIPS eligible professional due to an anti-racism plan they completed.**

**Objections**: Plaintiffs object to the undefined term "enforcement action" as vague and not proportional, as it could encompass any number of actions by any number of state entities, universities, hospitals, employers, and more.

**Response**: To the extent "enforcement action" means a lawsuit brought under a public-accommodation statute by the Commonwealth of Kentucky itself, admit. Otherwise cannot admit or deny.

**20.** **Admit that the Commonwealth of Kentucky has not incurred any increased costs due to MIPS eligible professionals not completing an anti-racism plan.**

9

**Objections**: Plaintiffs object to the undefined term "costs" as vague and not proportional, as it could encompass any number of negative externalities, including monetary costs, nonmonetary and unquantifiable harms, resource diversions, time, energy, focus, discrimination itself, the costs of inaction, and more.

**Response**: To resolve the parties' dispute over this request, Plaintiffs will not advance a theory of standing based on increased costs incurred from MIPS eligible professionals not completing an anti-racism plan.

21. **Admit that the State of Missouri has not taken any enforcement action against a health care provider for racial discrimination since May 1, 2012.**

**Objections**: Plaintiffs object to providing information going back to 2012—ten years before this case was filed, ten years before the challenged rule was promulgated, and across multiple administrations with significant personnel turnover—as not proportional. Plaintiffs object to the undefined term "enforcement action" as vague and not proportional, as it could encompass any number of actions by any number of state entities, universities, hospitals, employers, and more.

**Response**: To the extent "enforcement action" means a lawsuit brought under a public-accommodation statute by the State of Missouri itself since 2020, admit. Otherwise cannot admit or deny.

22. **Admit that the State of Missouri has not taken any enforcement action for racial discrimination against any MIPS eligible professional due to an anti-racism plan they completed.**

**Objections**: Plaintiffs object to the undefined term "enforcement action" as vague and not proportional, as it could encompass any number of actions by any number of state entities, universities, hospitals, employers, and more.

**Response**: To the extent "enforcement action" means a lawsuit brought under a public-accommodation statute by the State of Missouri itself, admit. Otherwise cannot admit or deny.

**23.    Admit that the State of Missouri has not incurred any increased costs due to MIPS eligible professionals not completing an anti-racism plan.**

**Objections**: Plaintiffs object to the undefined term "costs" as vague and not proportional, as it could encompass any number of negative externalities, including monetary costs, nonmonetary and unquantifiable harms, resource diversions, time, energy, focus, discrimination itself, the costs of inaction, and more.

**Response**: To resolve the parties' dispute over this request, Plaintiffs will not advance a theory of standing based on increased costs incurred from MIPS eligible professionals not completing an anti-racism plan.

11

| | |
|---|---|
| Dated: May 29, 2024<br>Amended: June 17, 2024 | Respectfully submitted, |
| *s/ Justin L. Matheny*<br>LYNN FITCH<br>   *Attorney General*<br>Scott G. Stewart (MS Bar No. 106359)<br>   *Solicitor General*<br>Justin L. Matheny (MS Bar No. 100754)<br>   *Deputy Solicitor General*<br>MISSISSIPPI ATTORNEY<br>GENERAL'S OFFICE<br>P.O. Box 220<br>Jackson, MS 39205-0220<br>(601) 359-3680<br>scott.stewart@ago.ms.gov<br>justin.matheny@ago.ms.gov | *s/ Cameron T. Norris*<br>Cameron T. Norris*<br>CONSOVOY MCCARTHY PLLC<br>1600 Wilson Blvd., Ste. 700<br>Arlington, VA 22209<br>(703) 243-9423<br>cam@consovoymccarthy.com |
| *s/ Edmund G. LaCour Jr.*<br>STEVE MARSHALL<br>   *Attorney General*<br>Edmund G. LaCour Jr.*<br>   *Solicitor General*<br>OFFICE OF THE ALABAMA<br>ATTORNEY GENERAL<br>501 Washington Ave.<br>Montgomery, AL 36130<br>(334) 353-2196<br>Edmund.LaCour@AlabamaAG.gov | *s/ Nicholas J. Bronni*<br>TIM GRIFFIN<br>   *Attorney General*<br>Nicholas J. Bronni*<br>   *Solicitor General*<br>OFFICE OF THE ARKANSAS<br>ATTORNEY GENERAL<br>323 Center Street, Suite 200<br>Little Rock, AR 72201<br>(501) 682-6302<br>nicholas.bronni@arkansasag.gov |

*s/ Aaron J. Silletto*
DANIEL CAMERON
   *Attorney General*
Aaron J. Silletto*
   *Assistant Attorney General*
KENTUCKY OFFICE OF THE ATTORNEY GENERAL
700 Capital Avenue, Suite 118
Frankfort, Kentucky
(502) 696-5439
Aaron.Silletto@ky.gov

*s/ Joshua M. Divine*
ANDREW BAILEY
   *Attorney General*
Joshua M. Divine*
   *Solicitor General*
Samuel C. Freedlund*
OFFICE OF THE MISSOURI ATTORNEY GENERAL
815 Olive Street
Suite 200
St. Louis, MO 63101
(314) 340-4869
Josh.Divine@ago.mo.gov
Samuel.Freedlund@ago.mo.gov

*s/ Kelsey L. Smith*
Elizabeth B. Murrill*
   *Attorney General*
Kelsey L. Smith*
   *Deputy Solicitor General*
LOUISIANA DEPARTMENT OF JUSTICE
1885 N. Third Street
Baton Rouge, Louisiana 70804
(225) 428-7432
smithkel@ag.louisiana.gov

*s/ Christian Corrigan*
AUSTIN KNUDSEN
   *Attorney General*
Christian Corrigan*
   *Solicitor General*
MONTANA DEPARTMENT OF JUSTICE
215 North Sanders Street
Helena, MT 59601
christian.corrigan@mt.gov

*pro hac vice

## CERTIFICATE OF SERVICE

Plaintiffs emailed everyone requiring service.

Dated: May 29, 2024                                               *s/ Cameron T. Norris*
Amended: June 17, 2024